EDWARD R. WHEELER AND OTHERS, *vs.* JOSEPH STONE AND OTHERS.—*June* 1846.

An appeal taken from an order of the court of chancery, prohibiting the sale of property, after the lapse of nine months from its passage, dismissed, as not being taken within the time prescribed by law.

No appeal will lie from an order of a court of chancery, requiring a trustee, a defendant in the cause, to bring money and securities in his hands into

court,—nor from an order directing the clerk of the court to deposite money brought into court, in bank, and referring the case to the auditor, with directions to distribute such money according to legal priorities,—nor from an order referring the cause to the auditor, with directions to state an account from the pleadings and proofs.

From mere practical, preparative orders, made in the progress of a cause, not final in their nature, and which do not profess to determine the question of right between the parties, no appeal lies.

An order for the sale of real and personal property, is the subject of an appeal under the act of 1841, ch. 11, sec. 1.

Where the grantor in a deed never becomes an applicant for relief under our insolvent laws, it cannot be pretended that his deed was made with a view of becoming an insolvent debtor.

Where a deed of trust was made to indemnify the securities of the grantor, as sheriff and collector, one of his deputies, who advanced him money to pay off official defalcations, is not within the terms of the deed. For the debt thus created, the grantor is liable in his individual character.

Neither is the holder of a bill on the grantor, accepted by him, in favor of such holder, within its terms; though, in fact, drawn by one who had official claims on such grantor: as his official bond would not be liable on the mere acceptance of such a draft.

A bill of exchange, although accepted, unless drawn on a particular fund, does not operate to invest the payee, with the character of an assignee of such fund.

APPEAL from the Court of Chancery.

The bill in this case was filed on the equity side of *Charles* county court, on the 13th June 1844 ; and subsequently removed from that court to the court of chancery. The complainants, *Joseph* and *William B. Stone*, alleged, in substance, that *Edward R. Wheeler* having been sheriff and collector of *Charles* county, becoming officially indebted to various persons—to said *Joseph*, one of his deputies, who advanced him money to pay official liabilities and defalcations ; to said *William B. Stone*, as assignee of fees placed with the said *E. R. Wheeler* for collection, for which he had given his acceptance, on the 21st March 1844,—executed a deed to *Robert S. Reeder*, for a nominal consideration, of all his estate, real, personal and mixed, reciting his indebtedness for which his official securities may be responsible, in trust ; that is to say, whereas the said *E. R. W.* was late sheriff of *Charles* county, *Maryland*, and as such was compelled to give bond, and also was compelled to give bond as collector

for the aforesaid county, on which bond the following persons are and were security, to wit, *Robert Gray*, &c., which bonds are now in suit in the county court of *Charles* county, and whereas the said *E. R. W.*, stands indebted to *Henry C. Matthews*, for the rent of the place on which he now lives, which last claim is first to be paid out of the property above specified, and also is indebted to *John H. Burrows*, &c., not mentioning either of the complainants. And whereas it is the wish and determination of him, the said *E. R. W.*, by and from the property hereinbefore conveyed, to indemnify and hold harmless, and provide for the payment of any and all the debts and claims above mentioned, particularly as well as for the perfect and certain indemnification of the above named securities, for and on account of any claim for which the said *E. R. W.* may, or can in any manner become liable, as late sheriff, or collector, of *Charles* county, it is therefore hereby declared to be the meaning of these presents, and of the parties thereto, that all the premises herein and hereby bargained, sold and conveyed, or intended to be bargained, sold and conveyed to him, the said *R. S. R.*, in manner aforesaid, are to be held, deemed, and taken, in trust and confidence; in the first place, to raise by sale of the same, or any part thereof, in such manner as the said *R. S. R.*, and the securities above mentioned, shall think proper, for so much money as will be sufficient therefor; and the same money, when raised, *to apply to the purpose of paying off*, satisfying and discharging, all and singular, the said debts, *together with all interest and costs that has or may have* accrued, or may accrue thereon; and in all respects to save harmless, indemnify and reimburse, the above named securities and creditors, on account of any thing for which they are now, and may become in any manner *liable*, on account of the said *E. R. W.*, as sheriff; and for the security and settlement of the above named debts, &c.

The bill then alleged the indebtedness of the said *E. R. W.* to other persons, not mentioned in said deed; that he continued to have the sole and exclusive use of the property mentioned therein, without hire and profit to his creditors; that

the perishable property was consumed by his use, while the interest on his debts was accumulating; that he knew when he made said deed, he was in failing circumstances, and that he then contemplated and determined upon taking the benefit of the insolvent laws; that the said deed is fraudulent as against said complainants and other creditors, in like circumstances; that they have claims upon his official bonds; and the evidence they now hold of their debts—notes and acceptances—were not designed to change the nature of their claim, which are in fact debts due from *E. R. W.*, as sheriff and collector. Prayer, that the deed may be set aside, or the trustee compelled to sell upon terms to be prescribed by the court; and complainant's claims placed upon an equal footing with those in the deed; for *subpœna* and general relief.

With this bill the complainants filed, as a part thereof, the evidence of their claims, viz., the single bills of *E. R. W.*, in favor of *Joseph Stone*, of the 20th March 1840, and 22nd March 1844, for $100, and $575; and an order of *C. W. Semmes* on *E. R. W.*, in favor of *W. B. S.*, dated 21st June 1841, for $374.21, accepted, and alleged to be due for fees.

The answer of *Robert S. Reeder*, and others, admitted the execution of the deed of trust; alleged their ignorance of the complainant's claims; that said claims are not provided for by the deed of trust; the use of the property by *E. R. W.*, until a sale could be effected, was also admitted; that the trustee is proceeding to dispose of the property; that it is sufficient to pay his just debts; that he had a right to make the preferences which he did make, as he had often promised to indemnify his securities on his official bonds, &c.

The answer of *E. R. W.*, was similar to that of the other defendants, except that he admitted the nature and origin of the complainants' claims, as alleged by them.

On the 28th March 1845, the complainants, upon petition, that the trustee, since the filing of the bill, had sold a part of the property, and converted the proceeds to purposes unknown and injurious to the petitioners, and was about to sell other parts of the property, obtained an injunction from *Charles* county court, preventing further sales.

The trustee answered this petition, and admitted a sale of a negro man: the proceeds of whom had been applied according to the deed of trust.

Upon a motion for a dissolution of the injunction, on the 17th June 1845, *Charles* county court, (DORSEY, A. J.,) dissolved the same, and adjudged, that the trustee, *R. S. R.*, be directed to proceed in the due discharge of his duties as trustee, in the following manner :—after due and sufficient notice by him to be given, he proceed to sell the negroes in the deed of trust in the proceedings mentioned, to the highest bidder, at public sale, for cash; and also all other property conveyed by the said deed of trust, upon a credit, &c.; settle and collect all claims, dues and debts, due and assigned by said deed; and that he, the trustee, report to this court the several amount, &c., of claims and debts due by the said *E. R. W.*, provided for under the said deed, so far as he may be able to ascertain them; and that he, the said trustee, bring the money and bonds arising from the sale of the property aforesaid, and collections aforesaid, into this court, for the future disposition thereof by order of this court; question of costs is reserved till final decree.

Upon further proceedings the county court, on the 6th September 1845, ordered the trustee, *R. S. R.*, to bring into court the securities and money by him received for the sale of the property under the decree in this cause, and that he give bond, with one sufficient security, in the penalty of $10,000, for the due performance of his trust under the decree.

The trustee reported his sales, disbursements, and payments; and brought into court, notes and money to amount of $2664.19, &c.; when the cause, on the 1st November 1845, was referred to the auditor, to state an account with the trustee and distribute the balance, according to legal priorities; that the trustee proceed to collect the money due the fund, and be enjoined from paying any money he may receive, until further order; and that, as collector, he bring the money received into court.

The trustee made a further report of sales, to which the complainants excepted, and upon the suggestion of *R. S. R.*, the cause was removed to the court of chancery.

On the 23rd January 1846, the chancellor, (BLAND,) passed the following order : It appearing from the proceedings, and more especially from the decree of the 17th June last, that the deed of trust of the 21st March 1844, has been adjudged to be valid; it is therefore ordered, that this case be, and the same is hereby referred to the auditor, with directions to state an account, &c.

The defendants then appealed from the order of the 27th March 1845; the decree of 17th June 1845; the order of 5th September 1845; of the 1st November 1845; and of the 23rd January 1846; to this court.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, SPENCE, MAGRUDER and MARTIN, J.

By REEDER and CRAIN for the appellants, who contended :

1st. That the deed of trust was made to protect the securities and creditors of *Edward R. Wheeler*, as recited in said deed of trust; that it was *bona fide*, and not fraudulent; and *Charles* county court, sitting as a court of equity, should have dismissed the bill.

2nd. Because there was no proof taken in the cause, to justify a reference of the case to the auditor.

3rd. Because the securities and creditors of *Edward R. Wheeler*, for whose benefit the deed was made, never admitted the debts of complainants.

4th. Because, admitting the validity of the deed of trust, the order upon the trustee to give bond, for the faithful discharge of his duties as such, at the instance of the complainants, was illegal and improper.

5th. Because the order of the first of November was prejudicial to the rights of the parties under the deed of trust, and in derogation of it.

6th. Because the order of the chancellor was inconsistent with a confirmation of the deed, and in violation of the rights of the parties under the deed.

7th. Because the bill of complaint of the appellees, should have been dismissed by the judges of *Charles* county court;

and, because the order of the first of November, enjoining the trustee from paying any of the money, in discharge of claims against the *cestui que trusts*, mentioned in the deed of trust, was illegal, unjust, and oppressive.

8th. Because the court had no right to require *Robert S. Reeder*, the trustee, to bring the money into court, as it was inconsistent with the stipulations and covenants in the deed.

By J. JOHNSON for the appellees :

1st. That as by these orders, taken separately or collectively, no question of right is decided, the appeal should be dismissed.

2nd. That if this court will entertain the appeal, then it will be insisted, that the equity court having full jurisdiction over the subject, the several orders appealed from were all proper to be passed, and will, consequently, be affirmed.

MARTIN, J., delivered the opinion of this court.

In this case, the appellees, representing themselves as creditors of *Edward R. Wheeler*, on the 13th of June 1844, filed their bill of complaint, on the equity side of *Charles* county court, for the purpose of vacating a deed of trust, which had been executed by *Edward R. Wheeler to Robert S. Reeder*, on the 21st of March 1844, on the ground that it gave an undue preference to a portion of his creditors, and that it was made in view of taking the benefit of the insolvent laws; and also for the purpose, in case the deed could not be vacated, of obtaining a decree for the sale of the property, and for general relief.

To this bill answers were filed by the defendants. The defendant, *Edward R. Wheeler*, admitted the claims of the complainants, but averred, that the deed of trust was made in pursuance of an agreement between himself and his securities, upon his bonds, as collector and sheriff of *Charles* county, to indemnify and save them harmless against their liabilities as securities, and not with a view of an undue and improper preference, or to take the benefit of the insolvent laws; that the conveyance was *bona fide*, and the grantor solvent and able to pay his debts.

After the answers had been filed, the court, upon the petition of the complainants, passed an order on the 27th of March 1845, prohibiting the trustee from disposing of any of the property in the deed, without the authority of the court.

An answer having been filed to this petition, the case was set down for final hearing, and the court, on the 17th of June 1845, passed an order dissolving the injunction, directing the trustee to sell the property, on certain specified terms, and to bring the money into court for future distribution.

On the 6th of September 1845, the court passed a second order, requiring the trustee to bring the money and securities in his hands, into court, by a day limited, and that he give bond as trustee.

On the 1st of November 1845, the trustee having made a report, showing the balance in his hands, in notes and money, which he states was brought into court; the court, on the same day, passed an order directing the clerk to deposit the money in bank, and referring the case to the auditor, with directions to distribute the money according to legal priorities.

The case, after some further proceedings, was transferred to the court of chancery, upon the petition of the defendants; and the chancellor, on the 23rd of January 1846, passed an order, in which, after reciting that the deed of trust had been adjudged valid by the decree of the county court, he ordered the case to be referred to the auditor, with directions to state an account from the pleadings and proofs.

The defendants, on the 19th of February 1846, appealed from the order of the 27th of March 1845, the orders of the 17th of June, the 6th of September, and the 1st of November, 1845, and also from the order of the chancellor, of the 23rd of January 1846; and the first question presented for our consideration is, whether the defendants were authorised to appeal from all, or any of these orders?

It is manifest, that the appeal from the order of the 27th of March 1845, must be dismissed, on the ground, irrespective of all other reasons, that it was not taken within the time prescribed by the act of Assembly regulating appeals from the court of chancery, more than nine months having elapsed from the time of the passing of the order.

We think it equally clear, that no appeal could be entertained from the order of the 6th of September 1845, the order of the 1st of November 1845, or the order of the chancellor, of the 23rd of January 1846.

These are mere practical or preparative orders made in the progress of the cause, not final in their nature, and which do not profess to determine the question of right between the parties. The appeal, therefore, from these orders must be dismissed.

The order of the 17th of June 1845, stands, however, in a different predicament. It is an order for the sale of real and personal property, and becomes the subject of appeal, by force of the provisions of the first section of the act of Assembly of 1841. That statute confers, in all cases, where there has been a decree or order for the sale of real or personal property, the right of an immediate appeal.

This presents for our examination the correctness of the order of the 17th of June 1845.

We are satisfied, that no ground has been shown by the complainants, on which the validity of the deed of trust of the 21st of March 1844, can be justly disputed. It appears, that *Edward R. Wheeler* never became an applicant for the benefit of the insolvent laws of the State, and under such circumstances it cannot be pretended, that the conveyance was made with the view of becoming an insolvent debtor. This court held, in *Hickly against the Farmers and Merchants Bank*, 5 G. & J., 381, "that under the settled construction of the insolvent laws, the words, with a view, or under an expectation of being or becoming an insolvent debtor, meant, with a view, or under the expectation of taking the benefit of the insolvent laws."

That a debtor, though in failing circumstances, may, independent of the insolvent or bankrupt laws, prefer one class of creditors to others, provided the transfer is made in good faith, is a proposition that cannot be questioned. 5 G. & J., 380. 6 G. & J., 217. We think, therefore, that the deed of trust from *Edward R. Wheeler* to *Robert S. Reeder*, is to be regarded as a valid conveyance.

The right of the complainants to file the petition of the 28th of March 1845, and invoke the interposition of the court, has been placed on the ground that the complainants were creditors of *Edward R. Wheeler*, as sheriff, and therefore provided for by the terms of the deed of trust.

If the counsel for the complainants could have maintained his first proposition, he would have placed the appellees within the protection of the conveyance, because the object of the trust was to secure the payment of all the claims for which the bonds of the grantor were responsible, as collector and sheriff of *Charles* county.

But this, in our opinion, he has not accomplished.

It is plain, that the debt due from *Edward R. Wheeler* to *Joseph Stone*, was for money loaned by *Stone* to *Wheeler*, and for which *Wheeler* was responsible in his individual, and not in his official capacity.

The debt due from *Edward R. Wheeler* to *William B. Stone*, was created by a bill of exchange, drawn by *Charles W. Semmes* on *Edward R. Wheeler*, in favor of *Stone*, for the sum of three hundred and seventy-four dollars and twenty-one cents, and accepted by *Edward R. Wheeler*.

It is not contended, that the official bonds of *Wheeler* would be responsible for the payment of this draft, on the mere acceptance of *Wheeler*; but it was insisted, that as it appears from the admissions of *Wheeler* in his answer, that the debt due from *Wheeler* to *Semmes*, the drawee of the bill of exchange, was created by fees placed in his hands for collection as sheriff, it would have been competent for *William B. Stone* to have proceeded against the official bond of the sheriff, as the assignee of *Charles W. Semmes*, on the original consideration.

An insuperable objection to the view thus presented by the counsel for the appellees, is, that a bill of exchange, although accepted, unless drawn on a particular fund, does not operate to invest the payee with the character of an assignee.

In the case of *Sheppard against the State, use of Weisel,* the Court of Appeals, at its last session, held, "that even an accepted bill, unless drawn on a particular fund, does not operate to invest the payee with the character of an assignee of

the fund.   The case in 5 *Hill*, 416, is decisive upon this point. In *Harrison against Williamson*, 2 *Edw. Rep.*, 430, it was determined, that a bill of exchange has not the effect of an assignment of the money for which it is drawn in the hands of the drawee, unless, perhaps, where it is drawn upon a particular fund, and then, indeed, by the law merchant, it loses its character as a bill of exchange.''

The complainants having then no interest in the trust created by the deed of the 21st of March 1844, the county court erred in entertaining their petition, and passing, at their instance, the order of the 17th of June 1845.   The petition of the complainants should have been dismissed.   We think, therefore, that the order of the 17th of June 1845, must be reversed.

The order of the 17th of June 1845, is reversed, and a decree will be signed, dismissing the bill and petition.

DECREE REVERSED, &c.