# MARYLAND REPORTS.

## OCTOBER TERM, A. D., 1865.

EDWARD J. HENRY, ROBERT MILLS, JOHN MURRAY, OF PETER, AND OTHERS *vs.* HIRAM KAUFMAN.

EQUITY JURISDICTION : RECEIVER : INSOLVENT LAWS.—A receiver in equity sold property of the defendant, by order of the Court, and while the proceeds of sale were in his hands, the defendant obtained the benefit of the Insolvent Laws, and the receiver was appointed his trustee in Insolvency. On appeal by the receiver and the defendant from the order of the Court of Equity, requiring him to bring the fund into Court, HELD :

1st.  That the policy of the Insolvent Laws does not debar the Court in which the fund is found at the moment of Insolvency, from taking all steps necessary to its preservation.

2nd.  That the order requiring the money to be brought into Court does not conflict with the power of the Insolvent Court, but is ancillary to it. Being brought in and the amount ascertained, an order to pay over to the insolvent trustee would follow as a matter of course.

3rd.  That until the amount of his liability was determined, the receiver was not *functus officio*, and his appointment by the Insolvent Court did not discharge him from responsibility to the Court of Equity for the faithful discharge of his trust as receiver.

4th.  That the power of the Court of Equity in this instance, was ancillary to the jurisdiction of the Insolvent Court, and invoked for the protection of the fund which may be properly within the jurisdiction of the latter for distribution.

APPEALS.  It is well settled that ordinarily no appeal will lie from an order requiring a trustee or receiver to bring money into Court. Such orders rest in the discretion of the Court, and where they determine no right, are not the subject of review on appeal.

1    v. 24.

APPEAL from the Circuit Court of Baltimore City.

This is an appeal from an order of the Circuit Court of Baltimore City, passed on the 4th of September, 1860, in a cause therein pending, requiring the appellant, Barroll, to bring into Court certain funds in his hands as receiver in said cause. The receiver who was also the trustee in insolvency of the appellant, Henry, afterwards appointed by the Court of Common Pleas of Baltimore City, in proceedings pending in said Court, claimed to retain the possession of said funds as trustee aforesaid, and appealed from the order of the Circuit Court. The facts of the case are fully stated in the opinion of this Court.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH & WEISEL, J.

*Thos. S. Alexander* and *Benjamin C. Barroll*, for the appellants.

The question arising upon this record is, how did the application of Edward J. Henry for the benefit of the Insolvent Laws affect the pending suit?

1st. It is contended that the suit abated, and that all orders passed thereafter are illegal and void. *Hall vs. McPherson*, 3 *Bland*, 538. *Pl. in Ch.' by Cooper*, 62. *Sto. Eq. Pl.* See 350, *in the notes.*

2nd. That the Court had no authority to proceed in the cause, or to pass any order affecting the rights of parties until the permanent trustee was made a party by supplemental proceedings. *Glenn vs. Clapp*, 11 *G. & J.*, 1. *Zeigler vs. King*, 9 *Md. Rep. Powles vs. Dilley*, 9 *Gill*, 229.

3rd. That the appointment of receiver, and a sale by him, did not in any respect alter the rights or interests of Edward J. Henry; that the property in question was expressly sold *as his property*, and the fund in Court was *prima facie* his fund, (subject to such liens, if any, as might be established against it.) He never consented to the sale ;

on the contrary, he resisted it, and prayed that the order appointing the receiver might be rescinded, the injunction dissolved, and for further relief.

4th. That the view set forth in the Court's opinion, that the rights of the trustee of Henry do not *extend to the fund in question*, is respectfully denied as being manifestly contrary to law. How does that Court know that liens exist against it, and, if any, to what extent? How are the creditors of Henry to contest the validity of the mortgages, &c? It is a well settled principle that the appointment of a receiver, or a sale made by a receiver, decides nothing as between contesting parties: the fund stands in the place of the property sold. But the Court below has adjudged, *in advance of any hearing whatever*, that the man whose property it ordered to be sold has no interest in the proceeds of sale! In the list of creditors furnished by Henry, *under oath*, he does not name these mortgagees as creditors. *Potter vs. Carr*, 7 *Gill*, 319. *Ellicott vs. Warford*, 4 *Md. Rep.*, 80; *and same case, in* 3 *Md. Ch. Dec.*, 296.

5th. It is contended that the application for the benefit of the Insolvent Laws of Maryland works a statutory assignment of all property, rights and credits of the insolvent to his trustee; and that the Court authorized to receive the application and grant the insolvent discharge, is *the only Court* having jurisdiction to adjudicate upon lien or other claims against the insolvent or his estate. *See Glenn vs. Karthous*, 4 *G. & J.*, 385. *Alexander vs. Gheselin*, 5 *Gill*, 138. *Glenn, Garn. vs. Boston, &c.,* 7 *Md. Rep.*, 287. *Zeigler vs. King*, 9 *Md. Rep.*, 336. *State vs. Williams*, 3 *Md. Rep.*, 163. *Glasgow vs. Sands*, 3 *G. & J.*, 96. *Segar vs. The State*, 6 *H. & J.*, 162. *Powles vs. Dilley*, 9 *Gill*, 240. *Waters vs. Dashiell*, 1 *Md. Rep.*, 471. *Glenn vs. Gill*, 2 *Md. Rep.*, 1. *Purviance vs. Glenn's Exe'rs*, 8 *Md. Rep.*, 206. Act of 1854, ch. 193, sec. 2.

6th. If it be said that bringing the fund into Court de-

cides nothing, the answer is, *that the Court had no jurisdiction over the fund,* because the fund was in the hands of the *permanent trustee,* by virtue of the force of the Insolvent Laws. A receiver having a fund, may pay it over to a party rightfully entitled to receive it, without any order of the Court. He might obtain an order for his own protection, but it would be only a matter of prudence, and not a matter of legal obligation. In the case at bar, the receiver and permanent trustee are the same person ; and if he is entitled to the fund as trustee under the insolvent application, for the benefit of the creditors, the law considers it as in his hands in the capacity in which he is entitled to hold it. If he is entitled to it as trustee, he is not bound to take it into Court with one hand and take it again with the other. *Segar vs. The State,* 6 *H. & J.,* 164. *State vs. Jordan,* 3 *H. & McH.,* 179. *Conner vs. Ogle,* 4 *Md. Ch. Dec.,* 448. *Watkins' Adm'rs vs State,* 2 *G. & J.,* 220.

But the fund has been attached in his hands under the Act of 1854, ch. 193, and legal responsibility had been laid upon the trustee, which the Court below wholly ignored. What the extent of that responsibility may be is yet to be determined. Is a party (receiver or not) bound to part with a fund during a pending attachment? Had the receiver in this case undertaken to deal with the attachment, and been unsuccessful, he would have laid himself open to the suspicion at least of collusion, as he makes no secret of the fact that he is contesting this case with the view of benefitting his client, Kaufman.

7th. Kaufman, and not the contesting mortgagees, is equitably entitled to this fund. Kaufman was the owner of the property sold under these proceedings, and sold it to Henry to be secured by mortgage, which was duly prepared, and as Kaufman supposed, executed and recorded. When the first mortgage note became due, Kaufman dis-

covered that Henry had not executed the mortgage, and he thereupon demanded its execution in accordance with the agreement of purchase. Henry refused, and proceeded to give the various mortgages in this case, for the purpose of defrauding Kaufman. And Kaufman alleges (under oath) that all these mortgagees had knowledge of his prior lien, and took their mortgages in fraud of his rights, at a time when Henry was utterly insolvent. If these allegations are sustained by evidence, the equities are clearly with Kaufman, and he is entitled to the benefit of them.

8th. Edw'd J. Henry has appealed from the Court's order. How does he stand on the record? A bill was filed, a receiver appointed, *and his property sold against his consent.* While the fund is in the hands of the receiver, he applied for the benefit of the Insolvent Laws. Which Court shall adjudicate and distribute the fund? The Court of Common Pleas *alone* (in Baltimore city) has jurisdiction over the estates of insolvent debtors, and is *alone* entitled to make distribution thereof. *Purviance vs. Glenn's Exe'rs,* 8 *Md. Reps.,* 206. Is not the permanent trustee entitled to the fund, just as he would be to the property if it remained *in specie?* If the Chancery Court can take it out of his possession, the statutory assignment is *pro tanto* defeated. If it is the intention of the Chancery Court to order it, when in Court, to be paid back to the *permanent trustee,* then the order is vain and useless. If such is not the intention, (and it is not in this case,) then the object is to deprive the permanent trustee of his legal rights, and to defeat the policy of the Insolvent Laws. If the Court had jurisdiction over the fund or property belonging to an insolvent debtor, it could order its officer (the receiver) in relation to it; but the proposition contended for, is, that the fund being beyond the Court's jurisdiction, it cannot rightfully order the receiver to bring it into Court, or do any thing else with it. Technically, it is not in the

custody of the receiver, and he is discharged from responsibility as such, by showing that he has paid it over to the permanent trustee, who is legally entitled to the custody of it, subject to the orders and control of the Court which appointed him permanent trustee.

It is clear that a party cannot be deprived of the right of appeal by the mere form of the order. The Act of 1830, ch. 185, prohibiting appeals from orders for the payment of money, was repealed by the Act of 1841, ch. 11, expressly granting an appeal from such orders. The order in this case, however, is in effect a *final decree.* This is exactly the case of *McKim vs. Thompson*, 6 *H. & J.*, 302. See also, *Hatton vs. Weems*, 10 *G. & J.*, 377. *Lee vs. Pindle*, 11 *G. & J.*, 362. *Glenn vs. Gill*, 2 *Md. Rep.*, 1. *White vs. Malcolm*, 15 *Md. Rep.*, 540.

If the fund is once (improperly) paid over and leaves the custody of the appellant, no final decree, which could be passed in the cause, could redress the grievance ; and even a reversal of the illegal order after final decree, would be vain and useless to the appellant, because, as soon as he pays over, he becomes as receiver, "*functus officio,*" and not being a party to the cause, he could not appeal from the final decree. As against him, therefore, this decretal order operates, and is a final decree.

Furthermore, as against the authority of the Court to pass this order, the appellant takes the ground that the suit had " abated," or at all events, stood in such a condition for want of proper parties, that no order or decree, interlocutory or final, could be passed in it. And the Court had no power to compel the proper party to become a party to the cause. See *Ringgold's case*, 1 *Bland*, 12, 13. 1 *Sto. Eq. Pl. Glenn vs. Clapp*, 11 *G. & J.*, 1.

This order decides that the receiver still held the fund, a fact which he expressly denied, and that the fund did not pass to the trustee in insolvency. If the order stands,

and had been obeyed, and the view of the appellant be sustained, that it did pass under the statutory assignment, then the order required and compelled him to pay out his own money—and it is not less an infringement of his personal right, because he is called receiver, and the payment is into Court. *Hall vs. McPherson*, 3 *Bland*, 528. *Glenn vs. Clapp*, 11 *G. & J.*, 1. *Pl. in Ch. by Cooper*, 62.

To show that the receiver held the fund as permanent trustee of Henry, by the statutory assignment, the Court is referred to its decision in *Ellicott vs. U. S. Ins. Co.*, 7 *Gill*, 320, wherein the Court decided, quoting from 1 *Bland*, 431, that "the holding of the receiver, is the holding of the Court for him *from whom the possession is taken.*" Again—"the effect of the appointment, however, is not to oust any party of his right to the possession of the property, but merely to retain it for the benefit of the party who may ultimately appear to be entitled to it, and when the party entitled to the estate has been ascertained, the receiver will be considered as his receiver." See also, *Alexander vs. Gheselin*, 5 *Gill*, 179. *Duvall vs. Speed*, 1 *Md. Ch. Dec.*, 236. *Somerville vs. Brown*, 5 *Gill*, 425. *Manahan, et al., vs. Sammon, et al.*, 3 *Md. Rep.*, 470. *Zeigler vs. King*, 9 *Md. Rep.*, 335.

It is the settled law in Maryland, that the appointment of the receiver, determined no right between the parties ;—it was Henry's money in the hands of the receiver, being the proceeds of his property sold ;—the holding of the receiver is for Henry, subject to such liens as may be established against it.

Apply then the Court's decision in 1 *Md.* 471, which declares that the permanent trustee is to take "all the effects of the applicant which *are liable for his debts.*" And again, "He (the permanent trustee) takes all that remained in the petitioner, (the insolvent,) which the *creditors* themselves could claim *in any form of proceeding for*

*the payment of their demands.* This is the design of the law—*it is the effect of the proceeding in insolvency.*" 1 *Md.*, *Rep.*, 471. Do not the mortgagees in the case at bar appear as *creditors*, and in no other character ? *Same case*, 472. "All his property passes to the trustee by operation of law." The insolvent trustee takes exclusive possession from the Sheriff, mortgagees or others having prior liens. The administration of the insolvent's assets is confined exclusively to the Courts of law, and a Court of Equity cannot interfere. *Powles vs. Dilley*, 9 *Gill*, 240. *Segar vs. State*, 6 *H. & J.*, 164. *Watkins' Administrators vs. State*, 2 *G. & J.*, 220. *Rachel Colvin's case*, 3 *Md. Ch. Dec.*, 296. *Shipley & Wife, &c.*, 4 *Md. Rep.*, 493. *Falconer vs. Regelier*, 6 *Md. Rep.*, 552. *Chesapeake Bank vs. McClellan*, 1 *Md. Ch. Dec.*, 330. *McKim vs. Thompson*, 1 *Bland*, 156.

*Geo. Wm. Brown* and *Wm. A. Stewart* for the appellees, argued :

1st. That the appeal of the receiver, in this case, should be dismissed ; because the order, from which the appeal was taken, was one resting in the sound discretion of the Court below, and from an order of that character an appeal will not lie. *Wheeler vs. Stone*, 4 *Gill*, 38. *Ellicott vs. Warfield*, 4 *Md. Rep.*, 80. *Porter, Exc'x, vs. Timanus*, 12 *Md. Rep.*, 283. *Sanderson vs. Alcock*, 9 *G. & J.*, 164.

2nd. But if the appeal were properly taken, then the order of the Court below should be affirmed, because it was just and proper in the premises, and warranted by the proceedings in the cause. *Story's Eq. Pl.*, sec. 229. *Sasscer vs. Walker's administrators*, 5 *G. & J.*, 103. *Campbell vs. Booth*, 8 *Md. Rep.*, 107. *Ellicott vs. Ellicott*, 6 *G. & J.*, 35, 40.

3rd. The trustee of a party who has applied for the benefit of the Insolvent Laws, is not entitled to a fund arising from property sold under an order of a Court of Equity,

which, at the time of the insolvent's application, was in the hands of a receiver of said Court, awaiting distribution among the claimants of the fund according to their respective equities; but said fund will be distributed in the Court in which jurisdiction had vested; especially is this the case where it is conceded that the fund is inadequate to pay the liens upon it. *White & Elder vs. Malcolm*, 15 *Md. Rep.*, 529. *McColgan vs. Hopkins*, 17 *Md. Rep.*, 395.

As to the objection that the money in the receiver's hands had been attached by Kaufman—we reply, that where a fund is in charge of a Court of competent jurisdiction it cannot be attached. *Walter, et al., vs. McConnell*, 13 *Pet.*, 151.

BOWIE, C. J., delivered the opinion of this Court.

The receiver in this case, as the agent of the Court, sold the property in dispute, before final decree, to prevent waste and loss, the proceeds being subject to the claims of the parties thereafter to be adjudged. Subsequently, the defendant, Henry, became an insolvent petitioner, and Barroll, the receiver, was appointed his permanent trustee. The order of the Court of Equity requiring him, as receiver, to bring the fund into Court, is now appealed from by him, on the ground that the case abated by the insolvency of Henry, and after the appointment of a permanent trustee, the fund passed *ipso facto* into the hands of Barroll, as trustee, and the jurisdiction of the Court of Equity ceased *eo instanti*.

In our opinion, the policy of the insolvent system does not debar the Court in which the fund is found at the moment of insolvency from taking all steps necessary to its preservation. It would make the law an instrument of fraud, if a receiver, by becoming trustee of an insolvent, could defy the authority of the Court from which he received his appointment, and refuse to account for the funds committed to him as receiver. The order requiring the

Henry et al. *vs.* Kaufman.

money to be brought into Court does not conflict with the power of the Insolvent Court, but is ancillary to it. Being brought in, and the amount ascertained, an order to pay over to the insolvent trustee would follow as a matter of course. Many of the cases cited show that the insolvent trustee asserted his claim to the fund by petition in the Court of Equity, to enjoin or prohibit the action of the trustee or officer of the latter Court, to the prejudice of the former.

In the case of *Glenn vs. Gill,* the insolvent trustee filed his petition in the Court of Equity, in the cause in which the receiver was appointed, praying an order directing him to pay over and deliver to the trustee all the money and effects in his hands as receiver, which was directed to be done. The trustee did not attempt to recover the proceeds at law, or appropriate them without the order of the Court of Equity. When, in the subsequent case of *Glenn, garnishee, vs. the Boston and Sandwich Glass Company,* it was held that these funds were liable to attachment at the suit of a foreign creditor, although they had not actually come to the hands of the trustee at the time of the attachment laid ; it was because the Court of Appeals had, in two previous cases, (6 *Gill,* 404, and 2 *Md. Rep.,* 1,) declared there was no ground for the appointment of a receiver, and the funds were improperly in his hands. Hence the possession of the receiver was held to be the possession of the trustee—2 *Md. Rep.,* 19. 7 *Md. Rep.,* 294, 296 ; such a petition not giving jurisdiction to the Court of Equity, but recognizing its authority to pass orders necessary for the transfer of the fund from one jurisdiction to another. If the Court of Equity has power to that extent, it must have the power to require the money to be brought in, otherwise their proper officer could not be discharged, or fixed in his liability.

Suppose the receiver and trustee were different persons,

and not one and the same, as in the present case.   The former, as such, would not be authorized to pay over the funds to the latter without the order of the Court by which he was appointed.   If he refused, the Court of Equity only would have such summary control over him as could compel him to obey.   Otherwise, the insolvent trustee must proceed by action at law on the receiver's bond, the breach of which could not be alleged without a previous order of the Court of Equity to pay over, and his refusal.

This fund was in the custody of the Court of Equity, by which the receiver was appointed ; its aggregate was undetermined.   The order appealed from reserves the question of the liability of the receiver for interest, which had or might have accrued on the funds in his hands.   Until this liability was determined the receiver was not *functus officio*, and his appointment by the Insolvent Court did not release him from responsibility to the Court of Equity for the faithful discharge of his trust as receiver.   We think, therefore, without disturbing any of the preceding decisions of this Court, that the power of the Court of Equity in this instance is ancillary to the jurisdiction of the Insolvent Court, and invoked for the protection of the fund which may be properly within the jurisdiction of the latter, for distribution.

The conclusion arrived at above, makes it unnecessary to dispose of the motion to dismiss the appeal.   It is well settled that ordinarily no appeal will lie from an order requiring a trustee or receiver to bring money into Court ; such orders rest in the discretion of the Court, and where they determine no right are not the subject of review on appeal.   *Wheeler vs. Stone*, 4 *Gill*, 38.   *Ellicott vs. Warford*, 4 *Md. Rep.*, 80.   And without recognizing the right of appeal in such cases, we will affirm the order below and remand the cause, for such further proceedings as the case may require.

*Order affirmed and cause remanded.*

(Decided February 14th, 1866.)