# NEWCOMER *vs.* KEEDY.

Limitations is no defence to an action on the case, against a sheriff for a false return.

THIS is an appeal from Washington county court, in an action on the case, against the appellant, late sheriff of that county, for a false return. The defendant pleaded *actio non accrevit, &c.*, and to this plea the plaintiff demurred. The

county court sustained the demurrer, and from that decision an appeal was prayed.

The case was argued before Le Grand, C. J., and Eccleston and Tuck, J.

By *Price* for the appellant, and *McLean* for the appellee.

*Price* for the appellant.

There is but one question in this case, and that is, can limitations be pleaded to an action on the case, against a sheriff for a false return to a *fi. fa.* Is such a plea authorised by the act of 1715, ch. 23, sec. 2 ? The appellant maintains that it is within the express words of the act.

In the case of *French vs. O'Neale, 2 H. & McH.,* 401, which was an action on the case, against a sheriff for an escape, and was tried in the General court, at May term, 1790, and affirmed in the Court of Appeals, at June term, 1793, it was held, no opinion being given by the court, that limitations could not be pleaded to an action against a sheriff for an escape. Since the period of this decision, we look in vain into the Maryland books and records for any allusion, however slight, to the question. It is very certain, that no case confirming the doctrine of *French and O'Neale,* is to be found, and it is believed that the practice during the entire interval, from that day to the present, has been directly in the teeth of that doctrine.

It must be confessed that there was some little confusion in the English decisions upon the *stat. 21, Jac.* 1, *ch.* 16, of which the Maryland act of 1715, was almost a literal copy. And we see some little evidence of that confusion in the argument of Mr. Cooke, for the plaintiff, in *French and O'-Neale,* who says, that "the reason why escape is not within the statute of limitations, is, because the statute relates only to *debt,* grounded on a lending or contract, *and not on the speciality, or a debt on record.*" It is certain that a bond or other specialty debt, is not within the statute of James, be-

cause that statute contained no provisions equivalent to those of the 6th sec. of the act of 1715. But to confine his illustrations *of the action on the case* against a sheriff, as Mr. Cooke does, by an exclusive reference to the action of *debt on contract* or *debt for an escape,* is not quite as intelligible at this day, as most probably, it was then.

But even the English doctrine, at the period of the decision in *French vs. O'Neale,* was misconceived by the counsel in that case, and the court, because it was then well settled in England, *that an action on the case against a sheriff for an escape, was within the statute of limitations. Jones vs. Pope,* 1 *Saund.,* 38, *note (2,)* in which Mr. Sergeant Williams lays down the above doctrine, without any qualification. See, also, 6 *Bac. Ab.,* 377, (edition of 1846,) and the authorities there cited.

But the appellant maintains, that the action on the case for torts, comprehending, of course, such an action against a sheriff for a false return, is within the words of the act of 1715, ch. 23, sec. 2. The phrase, *"action on the case,"* occurs *three times* in that section, and from the subjects with which it seemed to be connected, the first and second times it is employed, there arose a supposition, that it must have reference to such causes of action only, as were *grounded on a lending or contract,* and not to those arising, *ex malificio.* But the attention of the court is particularly requested, to the same phrase, when it is used for the last time in the section alluded to. The words here, are, *"and the said action on the case for words."* Now the implication here is a necessary one, that terms comprehending an action on the case for words, that is, for *torts,* have already been employed in some prior part of the section : otherwise the word "said," is without an antecedent. The rules of grammar, therefore, imperatively require, that we should give to the words, *"action on the case,"* as used in the first and second instances, the sense which the appellant imputes to them.

The plan and scope of the section was this : to state, first, *collectively,* all such actions as it was designed should be bar-

red by lapse of time, and then to specify, *distributively*, the period of time within which each separate action should be brought. Thus we find, among the actions which were to be subject to the bar, *the action on the case;* and afterwards, when the period which is to create the bar is separately assigned to each, we find particularly specified, *the said action on the case for words.* The last phrase can only refer to the first, and the first therefore, must of necessity, comprehend actions on the case for *torts.*

The proper view of the question, however, is a much broader one than that above presented. Can it be imagined, why it should be in the legislative mind to ordain, that a citizen should not be molested, for uttering slanderous words, nor for an assault, nor for trespass *quare clausum fregit*, nor for menaces, for battery, for wounding, nor for imprisonment, after a lapse of one year, whilst a sheriff should be exposed during his whole life time, to a suit for an escape, or for a false return? Upon what moral foundations could such a discrimination rest?

It seems, however, that the only action in the case for a *tort*, to be outlawed by the construction contended for, is such an action *when brought against a sheriff*, for the action of *trover*, for consequential injuries, for deceit, have at all times it is conceived, been held to be within the act. Nor can any design, to regard a sheriff as a peculiar object of disfavor, be imputed to the legislature, for while limitations to a bond or other speciality, is twelve years, that to a sheriff's bond, is but *"five years after the passing of such bond, and not afterwards."* (Act of 1729, ch. 25, sec. 7.) Why is it that the sheriff, if sued upon his bond, is to be entitled to protection, and even to favor, but if personally sued for the same thing, is to be placed in a category by himself, an exception from the rights and privileges of all the world?

The idea seems to be entertained by the appellees' counsel, that the plea is defective, because it does not state the time when the cause of action accrued. There is nothing, however, in the objection. The plaintiff knows best when *his*

Newcomer vs. Keedy.

*cause of action accrued*, and if he has stated it with sufficient precision in his declaration, it will be seen at once when the plea of *actio non accrevit infra*, is put in, whether the statutory bar has attached, or not?

*McLean* for the appellee.

We take it, that the case of *French vs. O'Neale*, 2 *H. & McH.*, 401, has settled the law of this State. Nothing has been produced to impugn it, and it was decided after an elaborate argument.

Such having been then settled to be the true construction of the act of 1715, ch. 23, sec. 1, it is rather too much to ask this court to change, at this day, the judicial construction which has been acted upon for so many years.

But if the question were entirely new, how could the court come to a different conclusion now? What is there in the first section, which would fix the *time of limitation*, against an action for a false return, when brought in case?

The act says, that certain actions, enumerating them, shall be brought within the following times, viz: said actions of account, and said actions upon the case, upon simple contract book debt or account, and the said actions for debt, &c., and the said action for trespass, &c., within three years; and the said actions on the case, for words, &c., within the year. That the words "actions on the case," were not intended to embrace all actions on the case, is clear from the subsequent part of the sections, in which a particular class of such cases is put into a different category.

It is conceded, that an action of debt would not be liable to this plea; then why should the action of case, any more? The argument, as to the want of consideration on the part of the legislature, that passed the law, is equally applicable to such an action; and no more injustice can be done to the sheriff in one action, than in the other. The action of debt was supposed to be founded on a specialty, so is this action on the case; and if this be *ex malificio*, so is the action of debt. It cannot be said, when an action of debt is brought

against a sheriff, that it is founded on a contract. It is *ex malificio*. It is not then within the exception, as to specialties, except so far as it is sustained by the highest order of evidence, viz : a record. The action on the case is, in that respect, precisely in the same category as the action of debt.

Such seems to have been the general opinion in England, and the court is respectfully referred to Mr. Cooke's argument, in *French vs. O'Neale,* 2 *H. & McH.,* 401.

But the court will be most unwilling to disturb the construction of an old statute. If it was wrong at the time, or supposed so to be, it would have been corrected by legislation. But it has been acquiesced in, and if it were now overruled, it would be little less than the passing a new act of limitations by this court.

The Court of Appeals have said, in *Shafer vs. Stonebraker,* 4 *G. & J.,* 353 : "The practice of sustaining special demurrers, by every judicial tribunal in the State, hath engrafted upon this act of 1763, an interpretation which nothing *but an act of Assembly can change.*"

That cases may be, and have been overruled, is true, but I know of no case in which an ancient construction of a statute, under which construction, of course, the people have been obliged to act, has been altered by any modern decision.

It is no objection to holding the sheriff responsible for his malfeasance, that his bond remains available, only for five years. That is for the benefit of his sureties, and not for his benefit.

That the law, as settled in *French vs. O'Neale,* has been attended with no practical difficulty or hardship, may be assumed from the fact, that no attempt has been made by the legislature, to change it; and instead of inferring the weakness of the decision from the fact, that no other has been made on the subject, the true course would be, to infer that it was universally acquiesced in, and therefore not brought up for reconsideration.

LE GRAND, C. J., delivered the opinion of the court.

There is but one question in this case, and that is, can limitations be pleaded to an action on the case against a sheriff for a false return to a *fi. fa.?*

Were it not for the decision in *French vs. O'Neile,* 2 *Harris and McHenry,* 401, we should hold that the act of 1715, chap. 23, sec. 2, authorised such a plea to such an action. That decision was made in 1790, and since has not been questioned, so far as we are informed. Under these circumstances, we do not feel justified in overruling it, preferring to leave to the legislature the consideration of the propriety of explaining the act of 1715, by an amendatory or explanatory enactment, so as to embrace such a case as the present.

*Judgment affirmed.*