CHARLES A. MATTARE *vs.* MARY A. CUNNINGHAM

*Prayer Defective for Generality—Limitation of Action—Industrial Accident Commission—Action on Award—Specialty.*

A prayer by defendant that under the pleadings and evidence in this case, the plaintiff is not entitled to recover, and therefore their verdict must be for the defendant, was properly refused as being too general in form.                    p. 313

An award by the State Industrial Accident Commission is not a "judgment," within Code, art. 57, sec. 3, fixing the period within which a judgment shall be good and pleadable.     p. 314

An award by the State Industrial Accident Commission, being an obligation created by statute, is a specialty, within Code, art. 57, sec. 3, fixing the period of twelve years as that within which any specialty shall be good and pleadable.     pp. 314-316

*Decided June 11th, 1925.*

Appeal from the Baltimore City Court (HEUISLER, J.).

Action by Mary A. Cunningham against Charles A. Mattare. From a judgment for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE and WALSH, JJ.

*Guy B. Brown,* with whom was *John W. Lohmuller* on the brief, for the appellant.

*Paul Berman,* for the appellee.

DIGGES, J., delivered the opinion of the Court.

The question of importance presented by this appeal is the time necessary to erect the bar of limitations against an award made by the State Industrial Accident Commission. It is contended by the appellant that this period of limitation is three years, and by the appellee that an action may be maintained upon the award at any time within twelve years from its date. Which of these two conflicting contentions is correct is the question for decision.

The facts as disclosed by the record are simple and undisputed. The appellant was engaged in the general contracting business in the City of Baltimore during the year 1917, and among his employees was Samuel D. Cunningham, a son of the appellee. On March 2, 1917, he was accidently injured while in the course of his employment by the appellant. The injury was received in the course of and growing out of the said employment, and resulted in the death of Samuel D. Cunningham. The appellant had not complied with the Workmen's Compensation Law, and shortly after the death of Samuel D. Cunningham, his mother, the appellee, filed a claim for the death of her son against the appellant with the State Industrial Accident Commission. After a hearing the commission found that the injury that resulted in the death of Samuel D. Cunningham arose out

of and in the course of his employment; that the deceased left surviving him his mother, the appellee in this case, who was partially dependent upon him for her support, and ordered the appellant to pay Mary A. Cunningham, the mother, six dollars per week, payable weekly for the period of four years, to begin March 2nd, 1917, and also a sum not to exceed seventy-five dollars for funeral expenses. The appellant appealed from the award of the State Industrial Accident Commission to the Baltimore City Court, where the appeal was heard with the aid of a jury on January 25th, 1918, and resulted in a verdict in favor of the claimant, Mary A. Cunningham, for the sum of four dollars per week for the period of four years from March 2nd, 1917. Subsequently, on February 13th, 1918, the State Industrial Accident Commission modified its previous order to comply with the verdict of the jury, and ordered the appellant to pay the appellee compensation at the rate of four dollars per week, payable weekly for the period of four years from March 2nd, 1917, and such sum not to exceed seventy-five dollars as may have been paid for funeral expenses by reason of the death of Samuel D. Cunningham. No portion of this award was ever paid by the appellant, and the appellee instituted suit in the Baltimore City Court on March 1st, 1924, to recover the amounts then due her under the award. The declaration contained the six common counts in assumpsit and two special counts. To this declaration the appellant filed three pleas, the first being "that the alleged causes of action did not accrue within three years before this suit," the other two being general issue pleas. The appellee produced evidence in support of the allegations of the declaration, and the appellant offered no evidence.

At the close of the testimony the appellee offered two prayers and the appellant five, as follows:

*Plaintiff's First Prayer.*—The plaintiff prays the court to instruct the jury that if they find from the evidence that the plaintiff, Mary A. Cunningham, was awarded the sum of four dollars per week for a period of four years and a sum

not to exceed seventy-five dollars for funeral expenses for the death of her son, Samuel D. Cunningham, by a modified award of the State Industrial Accident Commission, and, if they further find that the said award was not paid by the defendant, and that the plaintiff spent a sum equal or in excess of seventy-five dollars for funeral expenses, then their verdict must be for the plaintiff. (Granted.)

*Plaintiff's Second Prayer.*—The plaintiff prays the court to instruct the jury that if they find for the plaintiff, they may in their discretion allow interest on the amount due at the rate of six per cent. per annum from the date said amount was due. (Granted.)

*Defendant's First Prayer.*—The defendant prays the court to instruct the jury that the plaintiff has offered no evidence legally sufficient to entitle her to recover, and that their verdict must, therefore, be for the defendant. (Refused.)

*Defendant's Second Prayer.*—The jury are instructed at the defendant's request that under the pleadings and evidence in this case, the plaintiff is not entitled to recover, and, therefore, their verdict must be for the defendant. (Refused.)

*Defendant's Third Prayer.*—The jury are instructed at the defendant's request that under the pleadings and evidence in this case the plaintiff cannot recover more than the last payment due under the amended award of the State Industrial Accident Commission, as offered in evidence, together with interest thereon in the discretion of the jury. (Refused.)

*Defendant's Fourth Prayer.*—The defendant asks the court to rule as a matter of law under the pleadings and evidence in this case, that the plaintiff is not entitled to recover more than the last week's payment due under the amended award of the State Industrial Accident Commission, as offered in evidence, together with interest thereon in the discretion of the jury. (Refused.)

*Defendant's Fifth Prayer.*—The defendant prays the court to instruct the jury that under the pleadings and evidence in this case the plaintiff can recover only such sums (together

with interest in the discretion of the jury) as the jury shall find became due and owing, and such sums as were admitted to be due and owing and promised to be paid by the defendant to the plaintiff within three years prior to the institution of this suit.   (Refused.)

The trial court granted the plaintiff's prayers, and rejected the prayers of the defendant.   This action of the court constitutes the single exception contained in the record.   The defendant's first prayer was a general demurrer to the evidence and in the view we take of the case was properly refused.   The defendant's second prayer, in which the defendant sought to have the court instruct the jury that under the pleadings and evidence in this case the plaintiff is not entitled to recover, is too general in its form, and the court's action in rejecting it was correct.   This form of prayer has repeatedly been passed upon by this Court and condemned for the reason stated.   It is unnecessary to cite authorities at length, but we will refer to the late case of *Taylor v. Commissioners of Perryville,* 132 Md. 412.   The third, fourth and fifth prayers of the defendant, in varying form, ask the court to instruct the jury that the period of limitation within which the plaintiff could bring suit or action upon the award of the State Industrial Accident Commission is three years; and if this contention is correct the court erred in rejecting these three prayers of the defendant and granting the prayers of the plaintiff.   We will now examine this phase of the case, which, as stated, presents the only real question for decision.

In the case of *Solvuca v. Ryan-Reilly Co.,* 131 Md. 264, where the constitutionality of the Workmen's Compensation Act was attacked on the ground, among others, that the act was in contravention of the provision of section 1 of article 4 of the Constitution of the State, which vests the judicial power of the State in the Court of Appeals, circuit courts, orphans' courts and the courts for Baltimore City provided for in said article, and article 8 of the Declaration of rights, which declares that "the legislative, executive and

judicial powers of government ought to be for ever separate and distinct from each other," this Court, speaking through Judge Thomas, quoted with approval from the case of *Borgnis v. Falk Company,* 147 Wis. 327, in which the Supreme Court of Wisconsin said: "We do not consider the Industrial Commission a court, nor do we construe this act as vesting in the Commission judicial powers within the meaning of the Constitution. It is an administrative body or arm of the government, which in the course of its administration of a law is empowered to ascertain the existing law thereto, and in so doing acts quasi judicially; but it is not thereby vested with judicial power in the Constitutional sense."

There is no provision in the Workmen's Compensation Law empowering the commission to enforce its awards, and the award, upon the authority of *Solvuca v. Ryan & Reilly Co., supra,* is not the pronouncement of a court, and, therefore, does not have the attributes of a judgment, as that term is used in section 3 of article 57 of *Bagby's Annotated Code,* 1924. It will be seen from what we have said that if the statute of limitation applicable to judgments were sought to be applied in this case, it could not be done for the reason that the award is not a judgment.

It is contended, however, by the appellee that the award in this case is a specialty, as defined in said section 3 of article 57 of the Code, and that the period of limitation is, therefore, twelve years, as prescribed by said section. The lower court sustains this contention and we find no error in its ruling in this respect. In 26 *Amer. & Eng. Encyc. of Law,* p. 3, a specialty is defined as an obligation or contract under seal, but that statute liabilities have been frequently termed specialties by the courts, citing, among other authorities, the case of *Ward v. Reeder,* 2 H. & McH. 145. In the case of *Wardle v. Hudson,* 96 Mich. 435, it was said: "Specialty by statute means some right or cause of action given by statute which does not exist at common law. In such cases the nature or cause of action does not depend, in any degree, upon any contract relation. There is no original

obligation whatever created by the act of the parties." And in the case of *Ward v. Reeder, supra,* our predecessors held "an action grounded upon a statute cannot be barred; such as debt for an escape, etc."

In *Wood on Limitation* (4th ed), sec. 29, the author states: "All instruments under seal, of record, and liabilities imposed by statute are specialties." And in section 36: "In all cases where liability is created by the positive requisitions of a statute, and not by the act of the parties themselves, the liability is in the nature of a speciaty and is not within the Statute of 21 James nor within the statutes adopted in the several States applicable to simple contracts, unless expressly made so." In section 39 the learned author says: "The test, whether a statute creates a specialty debt or not, might be said to be whether, independent of the statute, the law implies an obligation to do that which the statute requires to be done, and whether independently of the statute a right of action exists for the breach of the duty or obligation imposed by the statute. If so, then the obligation is not in the nature of a specialty, and is within the statute, so long as the common-law remedy is pursued; but if the statute creates the duty or obligation, then the obligation thereby imposed is a specialty, and is not within the statute. If the statute imposes an obligation, and gives a special remedy therefor, which otherwise could not be pursued, but at the same time a remedy for the same matter exists at common law independently of the statute, and the statute does not take away the common-law remedy, the bar of the statute is effectual when the common-law remedy for the breach of the common-law duty or liability is pursued, but is not applicable when the special statutory remedy is employed."

It is contended by the appellant that this action is not on the obligation created by the statute, because this suit has not the injury or death of the employee as its cause of action, but is based upon the award of the State Industrial Accident Commission. He admits that the proceeding before the commission has as its foundation the obligation created by the

statute, but argues that the present suit is based upon the
result of the proceeding by the commission, and, therefore,
the obligation created by the statute does not extend to this
suit. We cannot give our assent to the above constrution
or approve the reasoning advanced by the appellant. The
proceeding before the commission was created by statute, had
its foundation therein, and had for its purpose the compell-
ing of payment by the employer to an injured employee, or
his dependents, where the injury or death was accidental
and arose out of and in the course of his employment, a sum
of money as compensation for the injury or death. The suit
upon the award, which is the approved and proper method
of enforcing the award of the commission, is simply com-
pelling the full and complete performance by the employer
of the obligation imposed by the statute. We think that rea-
son and authority are conclusive upon the point, that the
award of the Industrial Accident Commission is a specialty,
within the meaning of section 3 of article 57 of the Code,
and that an action or suit based upon the award is not barred
by limitation if the suit thereon is instituted within twelve
years from the date of the award. Finding no error in the
ruling of the lower court upon the prayers, the judgment of
the court below must be affirmed.

*Judgment affirmed, with costs.*