## MAYOR AND CITY COUNCIL OF BALTIMORE *v.*
## HOUSEHOLD FINANCE CORPORATION
[No. 59, October Term, 1934.]

*Decided January 15th, 1935.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, and SLOAN, JJ.

*Hector J. Ciotti* and *Lawrence B. Fenneman, Assistant City Solicitors*, with whom was *R. E. Lee Marshall, City Solicitor*, on the brief, for the appellant.

*James F. Thrift* and *Guy B. Brown*, with whom were *McIntosh & Thrift* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

By section 153 of article 81 of the Code, as enacted by chapter 226 of the Acts of 1929, it is provided: "Whenever any person shall have erroneously or mistakenly

paid to the County Commissioners of any of the counties of this State, or to the collector or treasurer for such County Commissioners, or to the Mayor and City Council of Baltimore, or its collector, more money for taxes or other charges than was properly and legally chargeable to or collected from such person, the said County Commissioners and the Mayor and City Council of Baltimore shall rectify the error and immediately levy and pay to such person any money that was so paid."

That provision was held in *Baltimore v. Home Credit Co.,* 165 Md. 57, 166 A. 604, 167 A. 552, to have changed the common law rule that taxes paid under a mistake of law could not be recovered. This suit was brought in 1933 for taxes levied and paid in 1929 and 1930 under a mistake of law. The defense to the suit is based upon the statute of limitations embodied in section 1 of article 57 of the Code. That section provides that suits in assumpsit shall be commenced within three years after the cause of action accrued. The plaintiff's contention is that the suit is on a statutory specialty and may therefore be brought within twelve years from the accruing of the claim, as provided by section 3 of the Code article last cited. The case was tried before the lower court, sitting as a jury, upon an agreement as to the facts, including statements that the taxes in question were not properly and legally chargeable, and that they were paid more than three years before repayment was claimed. The trial court refused to rule, as proposed by the defendant, that the suit was barred by limitations, and accordingly sustained a demurrer to the plea and rejected the prayers presenting that defense. The verdict and judgment being in favor of the plaintiff for the amount of the taxes paid in error, the defendant has appealed.

In *George's Creek Coal & Iron Co. v. Allegany County,* 59 Md. 255, the court had under consideration the provision of section 7 of article 28 of the Code (now section 10 of article 25), that county commissioners shall, "when satisfied that any error has arisen by assessing property not liable to be assessed, rectify such error and

levy and pay to the proper person any money that may have been paid in consequence of such error." In that case the taxpayer sued by mandamus to compel a refund of taxes assessed and paid upon a conception of law subsequently adjudged to be erroneous. The asserted right to redress by mandamus was denied on two grounds: First, because the plaintiff had an adequate remedy by action on the implied promise of the defendant to repay the taxes mistakenly and illegally exacted, the statute having obliterated the distinction between mistakes of law and of fact in such cases; and, secondly, because the claim for repayment, if prosecuted in such an action, would be barred by limitations. In discussing the latter ground for refusing the writ of mandamus, the court said: "Supposing, however, the circumstances of the case to be otherwise such as to justify the allowance of this extraordinary remedy, the question is raised, whether the Statute of Limitations in any form, or lapse of time, can be availed of as a defense. It is admitted that three years had elapsed since the last payment of taxes before this application was made, or before demand was made upon the appellees for repayment. We suppose it to be clear that if an action of assumpsit had been brought against the appellees to recover the taxes erroneously paid, the Statute of Limitations could have been effectually pleaded,—the right to interpose such a defense being in nowise affected by the statute under which this application is made. There would seem to be great reason, therefore, for giving the statute application in some form; or otherwise the appellees would be entirely deprived of the benefit of a defense that would be open to them in an ordinary action for the recovery of the money claimed."

That adjudication is directly pertinent to the present question, since the state-wide statute here invoked (Code, art. 81, sec. 153, as re-enacted in 1929), like the provision applicable to the counties only (Code, art. 25, sec. 10), considered in the case just cited, simply placed errors of fact and of law upon the same basis with

respect to the recoverability of taxes charged and paid by mistake.

But in the case of *Mattare v. Cunningham,* 148 Md. 309, 129 A. 654, 656, there was a decision upon which the appellee here relies as supporting the view that a claim for taxes paid under a mistake of law is based upon a specialty obligation created by statute, and is therefore enforceable during the twelve year period allowed for that class of liabilities. In that case the suit was on an award of the State Industrial Accident Commission. It was decided that the award was not a judgment, and exempt as such from being barred by limitations after three years from its rendition, but was a specialty of statutory origin. In discussing that subject the opinion quoted some expressions which may be regarded as consistent with the appellee's theory in this case. But the decision was influenced by considerations which do not here exist. It was rendered in a suit by the dependent mother of an employee, who had been fatally injured in the course of his employment, to recover the amounts which the employer had been ordered by the State Industrial Accident Commission to pay the claimant in accordance with the terms of the Workmen's Compensation Law (Laws 1914, ch. 800, sec. 1 *et seq.,* as amended). The opinion, by Judge Digges, said: "The proceeding before the Commission was created by statute, had its foundation therein, and had for its purpose the compelling of payment by the employer to an injured employee, or his dependents, where the injury or death was accidental and arose out of and in the course of his employment, a sum of money as compensation for the injury or death. The suit upon the award, which is the approved and proper method of enforcing the award of the Commission, is simply compelling the full and complete performance by the employer of the obligation imposed by the statute. We think that reason and authority are conclusive upon the point that the award of the Industrial Accident Commission is a specialty within the meaning of section 3 of artcle 57 of the Code, and that

an action or suit based upon the award is not barred by limitation if the suit thereon is instituted within twelve years from the date of the award." The statutory liability ascertained and declared by an award of the State Industrial Accident Commission is not sufficiently analogous to the obligation here asserted to induce us to overrule the decision in *George's Creek Coal & Iron Co. v. Allegany County,* which was concerned with the specific question now presented.

In *Metropolitan R. Co. v. District of Columbia,* 132 U. S. 1, 10 S. Ct. 19, 23, 33 L. Ed. 231, the suit was brought in 1880 by the municipality to obtain reimbursement from the defendant railroad company for the cost to the plaintiff, from 1871 to 1874, of paving streets which the defendant was required by statute to maintain. The trial court sustained a demurrer to the defendant's plea of limitations under the Maryland statute in force in the District (Act of 1715, ch. 23; Code, art. 57, sec. 1), the cause of action having accrued more than three years before the suit. The Supreme Court said: "The court below, in its opinion on the demurrer, suggests another ground, having relation to the form of the action, on which it is supposed that the plea of the statute of limitations in this case is untenable. It is this: that the action is founded on a statute, and that the statute of limitations does not apply to actions founded on statutes or other records or specialties, but only to such as are founded on simple contract or on tort. We think, however, that the court is in error in supposing that the present action is founded on the statute. It is an action on the case upon an implied assumpsit arising out of the defendant's breach of a duty imposed by statute, and the required performance of that duty by the plaintiff in consequence. This raised an implied obligation on the part of the defendant to reimburse and pay to the plaintiff the moneys expended in that behalf. The action is founded on this implied obligation, and not on the statute, and is really an action of assumpsit. The fact that the duty which the defendant failed to perform was

a statutory one does not make the action one upon the statute. The action is clearly one of those described in the statute of limitations."

This action is on an implied assumpsit arising from the duty of the municipality, as declared by section 153 of article 81 of the Code, as re-enacted in 1929, to refund to the plaintiff tax payments mistakenly exacted. The terms of the statute make no discrimination between mistakes of law and of fact in regard to the duty of refunding erroneous tax collections. Unquestionably a suit for the repayment of taxes assessed and collected as the result of a mistake of fact would be barred by limitations, if not brought within three years after the cause of action accrued. To accord a longer period for suits to enforce the refund of tax payments made by mistake of law, and thus to distinguish between the rights of reimbursement to which the same statutory declaration refers, would involve a consequence for which there is no apparent legislative intent. There should be a clearly adequate basis for such a distinction to justify the recognition of a right on the part of a taxpayer to require at any time within twelve years the return of tax payments collected from him under a misapprehension of law. Our conclusion is that there was error in the rulings on the demurrers and prayers.

*Judgment reversed, with costs.*