WARREN F. STERLING, RECEIVER, *v.* DAVID J. REECHER ET AL.

[No. 21, April Term, 1939.]

*Decided May 17th, 1939.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, JOHNSON, and DELAPLAINE, JJ.

*William P. Lane, Jr.,* and *John S. Newman,* for the appellant.

*John Wagaman,* with whom was *Scott M. Wolfinger* on the brief, for the appellees.

BOND, C. J., delivered the opinion of the court.

The question in controversy is: which period of limitations under the Maryland statutes, three years or twelve years, applies to suits to enforce by a receiver the double liability of stockholders in trust companies under the provisions of the Code, art. 11, sec. 72, in force prior to 1937. The Central Trust Company's stockholders were not relieved of that liability by the Act of 1937, ch. 81, Code, art. 11, sec. 72A; their liability had been previously established. The statute imposing it contained no express limitation on the suit, such as is found in statutes in some other jurisdictions.

It is alleged in the present suit at law that the appellants were owners as tenants by the entireties of 150 shares of the stock of the trust company, which was placed in the hands of the Bank Commissioner as receiver on September 2nd, 1931; that the Circuit Court of Frederick County, having assumed jurisdiction of the receivership, ordered on October 24th, 1932, that the receiver should, as provided in the Code, collect and receive by suit at law or in equity, or otherwise enforce payment of, a statutory liability in an amount equal to the full par value of stock held; and on September 24th, 1938, six years later, the receiver entered this suit to recover the amount for which the appellants were so liable. The appellants pleaded that the cause of action did not accrue within three years before the institution of the suit, the period of limitations under Code, art. 57, sec. 1, for actions of assumpsit and debt on simple contracts;

and the receiver, contending that the suit was upon a statute, a specialty under the law, the period of limitations for which is twelve years under section 3 of the article, demurred to the plea. The demurrer was overruled, and judgment entered for the defendants on the pleadings; and the receiver has appealed. Section 3 provides that "No bill, testamentary, administration or other bond (except sheriffs' and constables' bonds), judgment, recognizance, statute merchant, or of the staple or other specialty whatsoever, except such as shall be taken for the use of the State, shall be good and pleadable, or admitted in evidence against any person in this State after the principal debtor and creditor have both been dead twelve years, or the debt or thing in action is above twelve years' standing." Code, art. 57, sec. 3.

Since shortly after the enactment of the English statute of limitations on actions, 21 James 1, chapter 16, suits grounded on statutes have been held to be in debt on records of the highest rank, those of acts of Parliament, and hence specialties. *Bacon, Abridgement, Limitation of Action* (D). "All instruments under seal, of record, and liabilities imposed by statute are specialties". 1 *Wood, Limitation of Actions* (4th Ed.), sec. 29; *Angell, Limitations of Actions* (6th Ed.) sec. 80. And suits upon them are not within the original act providing the limitation on actions on simple contracts. "An action grounded upon a statute cannot be barred; such as debt for an escape,"—an action for which was provided by a statute of 1 Richard II, ch. 12. *Ward v. Reeder,* 2 H. & McH. 145, 154; *French v. O'Neal,* 2 H. & McH. 401; *Newcomer v. Keedy,* 2 Md. 19. But the element of contract in a subscription to stock, upon which the statute of Maryland lays the double liability, has produced uncertainty in the classification of suits to recover it. Are they grounded on contract or on the statute? 1 *Wood, Limitation of Actions,* sec. 19. "The liability is wholly statutory, and its definition must be found in the words of the statute creating it." *Robinson v. Hospelhorn,* 169 Md. 117, 131, 179 A. 515, 521, 184 A. 903. But the ques-

tion now is one of the remedy rather than of the origin or nature of the liability.

It has been held generally that when the statute creating a liability provides the remedy and allows no other, then the remedy could be only that provided, and it would be grounded on the statute, necessarily, but that a common law action of debt might lie either when such an action is given by the statute or when the statute provides for the payment of a sum of money but does not mention any mode of recovering it. *Browne, Actions at Law* (45 Law Lib.), 347; *Comyns, Dig. "Actions upon Statute"* (C), and *"Temps"* (G 15) ; 1 *Wood, Limitation of Actions*, sec. 29. And see *Mattare v. Cunningham*, 148 Md. 309, 129 A. 654. Possibly this statement might be broadened. What a statute has provided is a question of its intention, ascertained from express terms or by implication. And if the Maryland statute could be said to have intended merely that there should be a new plaintiff for an old action, previously open to creditors, there is room for an argument that a common law action has been continued, and it might be a misinterpretation of the statute to hold that it has provided an exclusive remedy, and that the suit must be considered one on the statute. *Corning v. McCullough*, 1 N.Y. 47, 1 Comst. 47; *Stockholders v. Sterling*, 300 U.S. 175, 57 S.Ct. 386, 81 L. Ed. 586; *Shepherd v. Hills*, 1855, 11 Exch. 55; *Goody v. Penny*, 9 M. & W. 621, affirmed 8 M. & W. 901; *Aylott v. West Ham Corp.* (1926), 85 L.J.Ch. 533.

But the Maryland statute has, as stated, now provided an exclusive remedy; it has not continued an old one, or allowed its continuance. By the Act of 1904, ch. 101, the remedy was taken from the hands of creditors and placed in those of a receiver. "The new law made the receiver, representing the interests of the corporation, as well as all its creditors, the proper party to initiate proceedings against all the stockholders for the enforcement of their statutory liability." *Ghingher v. Bachtell*, 169 Md. 678, 686, 182 A. 558, 561. And by the later Act of 1910, ch. 219, in a coalescence of the statutes

concerning the liability of stockholders in trust companies and that of stockholders in banks, not only was the remedy for enforcement against both still exclusively that in the hands of the receiver, but the liability itself was placed on a new foundation. Previous to these statutes a fiction of contract between stockholder and creditor was used to rest on existing legal theory a suit by the creditor directly against the stockholder, but now that basis was abandoned; a liability to the bank or company directly was substituted; and stockholders, not of the date of contracting debts, but of the date of the receivership, were subjected to it. *Ghingher v. Bachtell, supra.* The analyses of the statutes in the opinions in *Robinson v. Hospelhorn* and *Ghingher v. Bachtell, supra,* are ample, and need not be repeated. They seem to the court to leave no doubt that the remedy for the liability is now purely statutory, and the only right of action that on a specialty. See *Cork & Brandon Ry. Co. v. Goode,* 13 C.B. 826, and *Hannum v. West Chester,* 63 Pa. 475. A question whether the judicial ascertainment, on October 24th, 1932, of the amount of the liability to be demanded, taken as a ground of suit against the stockholders, is a specialty, need not be discussed. *Mattare v. Cunningham,* 148 Md. 309, 129 A. 654; *Marshall v. Marshall,* 164 Md. 107, 116, 163 A. 874; *Robinson v. Hospelhorn, supra,* 169 Md. at page 136, 179 A. 515, 184 A. 903; *Glenn v. Williams,* 60 Md. 93. The limitation of twelve years under section 3 of article 57 is found to apply for the reasons stated.

*Judgment reversed and new trial awarded, with cost.*

OFFUTT and SLOAN, JJ., dissent.