### BRIGHT v. HOBBS et al.
Civil Action No. 2191.

District Court, D. Maryland.

Aug. 14, 1944.

724

Wm. Pepper Constable and John D. Alexander, both of Baltimore, Md., for plaintiff.

Layman J. Redden, of Denton, Md., and D. Heyward Hamilton Jr., of Baltimore, Md., for defendants.

COLEMAN, District Judge.

This is a suit to recover (1) unpaid minimum and overtime wages; (2) an additional equal amount as liquidated damages, and (3) an attorney's fee, under the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 201–219.

The matter is now before this Court on defendants' motion to dismiss the complaint on the sole ground that the alleged cause of action is barred by limitations.

█ The material facts as set forth in the bill of complaint which must, for present purposes, be accepted as true, are as follows: Defendants, co-partners trading as Hobbs Manufacturing Company, were, between October 24, 1938, and June 7, 1940, engaged in the manufacture of crates and baskets, and in the canning and packing of tomatoes at Hobbs, Caroline County, Maryland. A substantial part of all crates and baskets, as well as all tomatoes canned and packed by the defendants during this period, were sold for shipment in interstate commerce. During this period the defendants employed the plaintiff as night watchwoman to guard the plant in which the crates and baskets were manufactured and the tomatoes canned and packed, as well as the separate buildings in which they were stored, awaiting transportation.

Plaintiff was so employed for the entire period above stated, or for a total period of 85 weeks, for 70 hours each week (7 days per week of 10 hours each), and was paid by the defendants at the rate of $4 per week, or approximately 5.71 cents per hour.

Since, pursuant to Sections 6 and 7 of the Fair Labor Standards Act, defendants were required, as plaintiff claims, to compensate her during the period from October 24, 1938, to October 21, 1939, or a period of 52 weeks, for each hour of work not in excess of 44 hours per work week at a rate not less than 25 cents per hour; and for each hour of work in excess of 44 hours at a rate not less than one and one-half times the minimum wage of 25 cents per hour, i. e. at the rate of 37½ cents for each such overtime hour, she, therefore, was entitled to minimum wages during this period of $572 and to overtime wages of $507, and since she has been paid only $208, there is a balance due her of $871.00 for this period.

Also, as plaintiff claims, since, pursuant to Sections 6 and 7 of the Fair Labor Standards Act, defendants were required to compensate plaintiff during the balance of the period here in question, namely, from October 21, 1939, to June 7, 1940, or a period of 33 weeks, for each hour of work not in ex-

cess of 42 hours per work week, at a rate not less than 30 cents per hour, and for each hour of work in excess of 42 hours, at a rate not less than one and one-half times the minimum wage of 30 cents per hour, i. e. at the rate of 45 cents for each such overtime hour, she was entitled to minimum wages in the amount of $415.80, and overtime wages in the same amount; and since she has been paid only $132, there is a balance due her of $699.60 for this period.

█ The Fair Labor Standards Act has been declared constitutional. United States v. Darby, 312 U.S. 100, 657, 61 S.Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430; Overnight Motor Transportation Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682. But the Act prescribes no period of limitations within which a suit of this kind can be brought. Therefore, the question of limitations being a matter of procedure, it is to be governed by the law of Maryland. Under that law, if a suit is upon a simple contract, the period of limitations is three years, Annotated Code of Maryland, Edition of 1939, Article 57, Section 1; but if upon a specialty, the limitations period is twelve years, Article 57, Section 3. Thus the precise question here presented is whether the present suit is upon a simple contract or a specialty. Since the wage claims which form the basis of the suit all arose in the years of 1938, 1939 and 1940, they are barred by the three-year period, if the suit is upon a simple contract, but are not barred if it is to be treated as being upon a specialty, since the suit was instituted March 23, 1944.

The relevant text of Section 1 of Article 57 is as follows: "All actions of account, actions of *assumpsit*, or on the case, * * * actions of debt on simple contract, * * * shall be commenced, sued or issued within three years from the time the cause of action accrued; * * *."

The text of Section 3 of Article 57 of the Annotated Code of Maryland is as follows, in so far as it bears upon the present case: "no bill, testamentary, administration or other bond * * * judgment, recognizance, statute merchant, or of the staple or other specialty whatsoever * * * shall be good and pleadable, or admitted in evidence against any person in this State after the principal debtor and creditor have been both dead twelve years, or the debt or thing in action is above twelve years' standing * * *."

It is therefore appropriate to turn immediately to a consideration of the interpretation which the Court of Appeals has given to this statutory enactment, and since there are three comparatively recent decisions of that Court, construing the statute, it would seem superfluous to analyze any Maryland decisions prior to them.

The first of these three decisions is Mattare v. Cunningham, 148 Md. 309, 129 A. 654, decided in 1925. That case involved an action upon a monetary award of the State Industrial Accident Commission affirmed by the Baltimore City Court on appeal. The action was brought more than three years after the last payment became due under the award. It is apparent that the situation grew out of a contract relation, the employment of plaintiff by the defendant, which among other things fixed the compensation upon which the amount of the award was based under the State Workmen's Compensation Act. The Court of Appeals said, after quotations from Wood on Limitations (4th ed.), to the effect that liabilities imposed by statute are specialties (148 Md. at page 316, 129 A. at page 656): "The proceeding before the Commission was created by statute, had its foundation therein, and had for its purpose the compelling of payment by the employer to an injured employee, or his dependents, where the injury or death was accidental and arose out of and in the course of his employment, a sum of money as compensation for the injury or death. The suit upon the award, which is the approved and proper method of enforcing the award of the Commission, is simply compelling *the full and complete performance by the employer of the obligation imposed by the statute*. We think that reason and authority are conclusive upon the point that the award of the Industrial Accident Commission is a specialty within the meaning of section 3 of article 57 of the Code, and that an action or suit based upon the award is not barred by limitation if the suit thereon is instituted within twelve years from the date of the award." (Italics supplied).

In 1939 the Court of Appeals in Sterling v. Reecher, 176 Md. 567, 6 A.2d 237, had before it an action brought by the receiver of the Central Trust Company of Maryland against stockholders to recover their double liability under Annotated Code of Maryland, 1939, Section 97 of Article 11, which had been in force prior to 1937. Chief

Judge Bond said in rendering the Court's Opinion (176 Md. at page 569, 6 A.2d at page 238): * * * "suits grounded on statutes have been held to be in debt on records of the highest rank, those of acts of Parliament, and hence specialties. * * * 'All instruments under seal, of record, and liabilities imposed by statutes are specialties'. * * * And suits upon them are not within the original act providing the limitation on actions on simple contracts. * * * But the element of contract in a subscription to stock upon which the Maryland statute lays the double liability, has produced uncertainty in the classification of suits to recover it. Are they grounded on contract or on the statute? * * * 'The liability is wholly statutory, and its definition must be found in the words of the statute creating it.' Robinson v. Hospelhorn, 169 Md. 117, 131, 179 A. 515, 521, 184 A. 903, 103 A.L.R. 740." The opinion continues on page 571 of 176 Md., on page 239 of 6 A.2d: "They [Maryland decisions cited] seem to the court to leave no doubt that the remedy for the liability is now purely statutory, and the only right of action that on a specialty. * * * The limitation of twelve years under section 3 of article 57 is found to apply for the reasons stated."

The latest decision of the Maryland Court of Appeals on the point, and the one relied upon by the defendants here, is Taggart, Ins. Commissioner, v. Wachter, Hoskins & Russell, Inc., 179 Md. 608, 21 A.2d 141, 141 A.L.R. 751, decided in 1941. This was an action brought by the Insurance Commissioner of Pennsylvania, as the statutory liquidator of a dissolved reciprocal or inter-insurance exchange of that Commonwealth, against a Maryland subscriber to this exchange and a member of it. The purpose of the suit was to collect from the defendant an assessment levied under the order of a Pennsylvania Court. This assessment was levied on September 12, 1938. Suit was brought within three years from that date, and the question of limitations had not been raised. The Court, however, considered and decided the question "because of the great number of possible suits in which it may arise." 179 Md. at page 626, 21 A.2d at page 150, 141 A.L.R. 751. The Court said (179 Md. at page 624, 21 A.2d at page 149, 141 A.L.R. 751): "This court has observed the distinction between limitations in suits on simple contract obligations and those in suits on statutory liabilities. Ster-

ling v. Reecher, 176 Md. 567, 6 A.2d 237. It is sometimes a narrow one when the liability sued on is imposed by both a contract and a statute, but the stipulation here seems to remove all difficulty. The original purpose of the enterprise included a liability to contribute to pay losses, and as the policies did not restrict the losses payable to any limit on assessments it might be questioned whether the contract limit was consistent with that general purpose. Supreme Lodge K. P. v. Mims, 241 U.S. 574, 36 S.Ct. 702, 60 L.Ed. 1179 [L.R.A.1916F, 919]. The Attorney General of Pennsylvania declared that such a restriction of assessment was unlawful, and the Insurance Commissioner of the state extended the time for complying to March 13, 1929. *It was in the situation thus arising that the statute was passed, not, as we construe it, to create a new liability, but to provide that an existing liability should be expressed in the contract but might be fixed at or above a specified minimum, equal to the amount of the original premiums. This, the court takes to intend an authorization of a restriction rather than a creation of an obligation,* and from this construction it follows that for the simple contractual obligation the limitation is three years from September 12, 1938. Code, Art. 57, sec. 1." (Italics supplied.)

As recently as two years ago Judge Frank, in the Baltimore City Court, in August Manhoff, Jr., v. Thomsen-Ellis-Hutton Company (Daily Record, Baltimore, Wednesday, March 17, 1943, page 3), had presented to him precisely the question now before us, and after reviewing the Maryland decisions which we have just analyzed, said: "The result of these three Maryland decisions seems plainly to be that where the relationship created by contract is restricted by the statute, the obligation remains a simple contractual one, subject to the three years period of limitations. Wherever, however, the contractual relationship is imposed upon it by the statute, obligations additional to and different from those created by the contract rights arising out of those super-added statutory obligations constitute specialties a breach whereof gives rise to a right of action which will be barred only by the lapse of twelve years. Code, Article 57, Section 3.

"The claim in the present action, arising under the Fair Labor Standards Act, is unquestionably in addition to all such as might

arise under the original contract of employment between the parties. The Act does not restrict but greatly extends the obligations of the defendant to the plaintiff. Accordingly, defendant's breach of those statutory obligations gives rise to a cause of action as to which the twelve year period applies."

We believe that Judge Frank's conclusion is unassailable in so far as the Maryland decisions and their interpretation of the Maryland statutory limitations provisions are concerned, and that therefore we must adopt the same conclusion in the present case.

Counsel for defendants have urged upon us that while it is this Court's duty to apply one or the other of the Maryland statutory limitations, and while, in reaching a conclusion as to which of the two provisions applies, we are bound to follow decisions of the Court of Appeals of Maryland that may be in point, since, however, there is no reported decision of any Maryland Court other than that rendered by Judge Frank in the Manhoff case just referred to, which is directly in point in the sense that the Fair Labor Standards Act of 1938 is involved, we are at liberty to determine the weight to be given to the Maryland decisions and if it be a fact that, because of factual differences there presented, none is believed to be controlling, we may reach our decision on the basis of the law in other jurisdictions.

In support of this reasoning, counsel for defendants assert that close scrutiny of the opinion of Chief Judge Bond in Taggart, Ins. Commissioner, v. Wachter, Hoskins & Russell, Inc., supra, discloses that when, as said in the opinion, the Court construed the statute there involved "to intend an authorization of a restriction", the Court was referring not to a restriction on the liability but to a restriction upon the *extent* of a liability that already existed. However, the language employed by Chief Judge Bond and also in the earlier decisions of the Maryland Court of Appeals upon which he relies, is so clear that we are not at liberty to go behind it, even if it be assumed, which we are not prepared to assume, that as counsel for defendants in the present case argue, Judge Frank in the Manhoff case, has misconstrued the true purport and meaning of the Wachter decision. In the Wachter case, to repeat, the Court found that the Act of the Maryland Legislature under review intended "an authorization of a restriction rather than a creation of an obligation," and then stated that "from this construction

it follows that for the simple contractual obligation the limitation is three years from September 12, 1938." The inescapable inference from this language is that had the Court in the Wachter case found that there had been "a creation or, as here, an *increase,* as opposed to a *restriction* of an obligation", the twelve year and not the three year statutory provision would have applied.

We consider it is idle to argue that the Fair Labor Standards Act does not create *new* obligations of the defendants to the plaintiff. Were it not for that Act, the defendants would have been under no such obligations as the statute imposes, with respect to either hours or wages, in the absence of some voluntary mutual agreement as to the terms of employment.

While it is true that under the Maryland law the *form* of action in the present case as in assumpsit, the *obligation* is nevertheless statutory. It is the statute that has fixed the liability. See Guess v. Montague, 4 Cir., 140 F.2d 500; Dize v. Maddrix, 4 Cir., 144 F.2d 584. There is a clear analogy in workmen's compensation laws, in stockholders' double liability statutes, and in innumerable other examples which it would be superfluous to name.

In support of their contention that the twelve, and not the three years period must prevail in the present case, which we find to be correct for the reasons just stated, counsel for plaintiff have cited to the Court a wealth of decisions in other jurisdictions construing limitation statutes in various states in relation to the Fair Labor Standards Act, some of which statutes are similar, others not, to the Maryland statutes. However, we consider it unnecessary to undertake a review of any of these cases because of the completely binding character of the decision of the Court of Appeals of Maryland in Taggart, Ins. Commissioner, v. Wachter, Hoskins & Russell, Inc., supra.

We are informed that there is now pending in Congress a bill to provide a uniform period of limitations under the Fair Labor Standards Act, but up to the present time Congress has seen fit to leave this matter to the various states, unfortunate as this is, because uniformity in a matter of this kind, especially where the state statutes vary so greatly, is highly desirable. Also it is obvious that, generally speaking, twelve years is far too lengthy a period to allow for the bringing of suits for wages, although this

Court cannot blink the fact that in the present case it is unnecessary to go beyond the face of the pleadings to see that the plaintiff worked for wages far below normal standards, regardless of the elevated standards of the Fair Labor Standards Act.

A number of states have enacted statutes expressly applying to wage and hour claims. Some have recently enacted legislation reducing the time within which actions for back wages may be instituted. However, although the Fair Labor Standards Act has been in effect since 1938, at no session since then has the Maryland Legislature seen fit to make any change in the existing state limitations law. Therefore, until Congress or the State acts, the twelve year period must govern suits in Maryland such as the present one.

An Order will be signed in accordance with this opinion, dismissing defendants' motion to dismiss the complaint.