## SWICK v. GLENN L. MARTIN CO.
### No. 5569.

Circuit Court of Appeals, Fourth Circuit.
March 31, 1947.

484

Theodore M. Wolkof, of New York City, Abraham Engelman, of Brooklyn, N. Y., and Milton R. Rothstein, of Baltimore, Md., for appellant.

Charles C. G. Evans, of Baltimore, Md. (Marbury, Miller & Evans, of Baltimore, Md., Edward J. Creswell, of Washington, D. C., and Franklin G. Allen, of Baltimore, Md., on the brief), for appellee.

Before PARKER, SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

On June 25, 1946 the plaintiff herein sued his employer under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., for overtime compensation in the sum of $2,449.92 earned between March 5, 1941 and June 14, 1942, and for an equal amount as liquidated damages and for attorneys' fees. The employer set up the defenses, amongst others, that the plaintiff was employed in a bona fide executive capacity and was therefore exempt from the wage and hour provisions of the statute, and that the suit was barred by limitations by the provisions of Chapter 518 of the Laws of the General Assembly of Maryland of 1945, Article 59 Section 19 of the Code of Maryland, effective June 1, 1945. This act imposes a three year limitation upon suits under the federal statute in the following terms: "19. All actions brought by or on behalf of any employee or employees for the recovery of unpaid minimum wages, unpaid overtime compensation, fees and/or penalties, as the case may be, under the Fair Labor Standards Act of 1938, as amended, shall be brought within three years from the time such cause or causes of action accrued, unless such Fair Labor Standards Act shall prescribe a different period within which such action or actions may be brought; provided, however, that all such subsisting causes of action which accrued more than two years before June 1, 1945, shall be sued on within one year after June 1, 1945, unless such Fair Labor Standards Act shall provide a different period within which such causes of action may be sued on."

The controversy came before the court on the motion of the defendant for a judgment in its favor on the pleadings, and on the motion of the plaintiff to strike out the defense of limitations on the ground that the Maryland statute violates Article VI of the Federal Constitution in that it discriminates against a right arising under the federal laws, and on the further ground that it denies the equal protection of the laws, as provided in Section 1 of the XIV Amendment. The court, being of the opinion that the Maryland Act of 1945 is valid and constitutional, entered judgment for the defendant.

■ Since no period of limitations is fixed by the Fair Labor Standards Act, suits thereunder are governed by the applicable state statutes of limitations. Rockton & Rion Ry. Co. v. Davis, 4 Cir., 159 F.2d 291. In Maryland, actions founded on contract must be brought within three years from the time the cause of action accrues under Article 57, Section 1 of the Maryland Code; but the plaintiff contends that a claim under the Fair Labor Standards Act is an action on a specialty, and is governed as to limitations by Article 57 Section 3 of the Maryland Code which provides as follows: "3. No bill, testamentary, administration or other bond (except sheriffs' and constables' bonds), judgment, recognizance, statute merchant, or of the staple or other specialty whatsoever, except such as shall be taken for the use of the State, shall be good and pleadable, or admitted in evidence against any person in this State after the principal debtor and creditor have been both dead twelve years, or the debt or thing in action is above twelve years' standing; provided, however, that every payment of interest upon any single bill or other specialty shall suspend the operation of this section as to such bill or specialty for three years after the date of such payment; saving to all persons who shall be under the aforementioned impediments of infancy or insanity of mind the full benefit of all such bills, bonds, judgments, recognizances, statute merchant, or of the staple or other specialties, for the period of six years after the removal of such disability."

These statutory provisions are of ancient origin. They were originally contained in

Chapter 23 of the Laws of 1715 enacted by the Provincial Assembly of Maryland and were derived from the Act of 21 James I, Chapter 16. See Alexander's British Statutes, Coe's Ed., Vol. 2, p. 603. The distinction between actions barred by limitations after three years and actions barred after 12 years has therefore long existed, but the Court of Appeals of Maryland has not had occasion to decide which period of limitations applies to suits for wages under the Fair Labor Standards Act. The question, however, was considered prior to the passage of the Maryland Act of 1945 by the Baltimore City Court on March 15, 1943 in Manhoff v. Thomsen-Ellis-Hutton Co., 6 Labor Cases 61,498, and by the District Court of the United States for the District of Maryland on August 14, 1944 in Bright v. Hobbs, 56 F.Supp. 723. Both courts held that suits in Maryland under the Fair Labor Standards Act were then covered by the 12 year statute of limitations, and both based their opinions on broad statements in decisions of the Court of Appeals to the effect that in cases where liability is created by the positive requisitions of a statute and not by the act of the parties themselves, the liability is founded upon a record of the highest sort and is in the nature of a specialty and is therefore subject to the period of limitations provided for obligations of that kind. See Mattare v. Cunningham, 148 Md. 309, 129 A. 654; Sterling v. Reecher, 176 Md. 567, 6 A.2d 237; Taggart, Insurance Commissioner v. Wachter, Hoskins & Russell, Inc., 179 Md. 608, 21 A.2d 141, 141 A.L.R. 751. Cf. Mayor and City Council of Baltimore v. Household Finance Corporation, 168 Md. 13, 176 A. 480. Thus in Sterling v. Reecher, 176 Md. 567, 569, 6 A.2d 237, 238, it was said: "Since shortly after the enactment of the English statute of limitations on actions, 21 James 1, chapter 16, suits grounded on statutes have been held to be in debt on records of the highest rank, those of acts of Parliament, and hence specialties. Bacon, Abridgement, Limitation of Actions, (D). 'All instruments under seal, of record, and liabilities imposed by statute are specialties'. 1 Wood, Limitation of Actions 4 Ed., sec. 29; Angell, Limitations of Actions 6 Ed. sec. 80. And suits upon them are not within the original act providing the limitation on actions on simple contracts. 'An action grounded upon a statute cannot be barred; such as debt for an escape,'—an action for which was provided by a statute of Richard II, ch. 12. Ward v. Reeder, 2 Har. & McH. [Md.,] 145, 154; French v. O'Neale, 2 Har. & McH. [Md.,] 401; Newcomer v. Keedy, 2 Md. 19."

On the other hand, the court below has twice decided since the passage of the Maryland Act of 1945 that the statute is valid and governs suits under the Fair Labor Standards Act. See the decision in the pending case and the decision in Warnick v. Bethlehem-Fairfield Shipyard, D.C., 68 F.Supp. 857. We are asked to sustain these decisions first on the ground that actions under the Fair Labor Standards Act, even though they may be considered to be grounded on that statute in the sense that they seek to recover the minimum compensation and liquidated damages provided therein, should not be classified as suits on a specialty because the proof required to support them is uncertain and ephemeral in character. The federal act does not embrace all persons within the employer-employee relationship and when, as in the pending case, exemption is claimed, proof must be taken to establish the status of the parties. Testimony must also be taken to show that the plaintiffs are engaged in the production of goods for commerce, as well as the rate of their pay and the number of hours they have worked so that the extent of the employer's liability may be established. Very frequently these questions cannot be determined from records and recourse must be had to the oral testimony of many persons; and hence, it is said, the intrinsic nature of the claims and the difficulty of preserving the proof necessary for their presentation or defense place them for practical purposes within the category of suits for breach of simple contract so far as the period of limitations is concerned, and distinguish them from suits on such specialties as bonds or judgments where the identity of the parties and the extent of the obligation is so easily established that a longer period of limitations may be specified with safety. The Maryland cases above cited illustrate the point.

Thus Mattare v. Cunningham, 148 Md. 309, 129 A. 654, was a suit on an award of the State Accident Commission which the court held was an obligation created by statute; and Sterling v. Reecher, 176 Md. 567, 6 A. 2d 237, was a receiver's suit against stockholders to collect a statutory liability of wholly statutory origin. Neither case presented any difficulty either as to parties or amounts.

These considerations are persuasive but not conclusive, if the Maryland decisions mean that any obligation, whatever its character, is a specialty subject to the 12 year period of limitations if it has the dignity conferred by legislative origin. There is, however, another approach to the question. May it not be said that the right of the employee to his wages is not created by the Fair Labor Standards Act but by the contract between him and his employer which in the eye of the law must be made or modified so as to prescribe the minimum statutory compensation? If this be true, the pending suit would be governed by the three year state statute of limitations relating to simple contracts irrespective of the Act of 1945. Thus in Baltimore v. Household Finance Corporation, 168 Md. 13, 176 A. 480, it was held that a suit brought by a taxpayer under a statute which directed municipal corporations to refund taxes paid under a mistake of law was not a suit on a statutory specialty but a suit on the implied assumpsit arising from the duty imposed by the statute upon the municipality. Hence the three year statute of limitations applied. More clearly related to the pending issue was the question considered by the British court in Guntsell v. Reeve, 52 T.L.R. 55 (1935), where it was held that a suit by an agricultural worker to recover the difference between the amount paid him under an oral contract of employment and the minimum wage prescribed under the (British) Agricultural Wage Act of 1924 was not an action on a specialty subject to the limitations prescribed by the British counterpart of the Maryland statute relating thereto, but an action on the contract of employment as amended by the substitution of the minimum statutory wage, and was governed by the shorter period of limitations applicable to actions on simple contract debts.

In this aspect of the matter, it is not unreasonable to suppose that the Court of Appeals of Maryland might have taken a similar position as to the bearing of the state statutes of limitations upon suits to recover the benefits conferred by the Fair Labor Standards Act if the question had come before it before the passage of the Act of 1945. But we need not decide that question. We base our decision on the Act of 1945 since we have no doubt as to its constitutionality. It cannot be denied that suits like the present are of the same character as suits upon simple contracts of employment outside the scope of the Fair Labor Standards Act; and it was clearly within the power of the Maryland legislature to view the situation realistically and to amend the historic rule as to statutory specialties so as to exclude therefrom suits based on obligations imposed by the federal statute and to place them in the category better suited to their intrinsic nature. It is obvious from what has already been said that in so doing the legislature did not discriminate against a right arising under the Fair Labor Standards Act to deny to employees suing for the benefits secured thereby the equal protection of the laws. Compare our decision in Rockton & Rion Ry. Co. v. Davis, supra. The judgment of the District Court will therefore be affirmed.