WARNICK et al. v. BETHLEHEM–FAIRFIELD SHIPYARD, Inc.

SULLIVAN et al. v. SAME.

CECIL v. SAME.
Nos. 3113, 3114, 3147.

District Court, D. Maryland.
Sept. 6, 1946.

J. Paul Rocklin, of Baltimore, Md., for plaintiffs.

Charles C. G. Evans, Franklin G. Allen, and Marbury, Miller & Evans, all of Baltimore, Md., for defendant.

CHESNUT, District Judge.

I will grant this motion to dismiss for the portion of the plaintiffs' claims, in each of the three cases, that arose more than three years prior to the time of instituting the suit.

If the plaintiff has any answer to the defense of the Maryland statute setting up this three year period, which is Chapter 518 of the Maryland Acts of 1945, other than the alleged invalidity of the Maryland Act, I would be glad to grant the plaintiff leave to amend the claim in order to set up any reply that might be good in law to the statute; but as the only intimation I have from counsel for the plaintiff is that there is no reply to the Maryland statute except the charge of its invalidity, I shall have to sustain the motion that the defendant has made. However, as I say, I would give leave to the plaintiffs to amend to meet the point of limitations if they respectively have any other answer than the alleged unconstitutionality of the Maryland statute. I understand there is none.

On the point of procedure that has been argued, I take the view that is advanced by counsel for the defendant that under the new Federal Rules, 28 U.S.C.A. following section 723c, the purpose is to economize time and expense in trying these suits. I think it is clear, as a matter of law, that any of the plaintiffs' claims arising more than three years prior to the institution of the suit are barred by the Maryland statute and it would be unneces-

sarily expensive for the parties to take possibly extensive testimony with regard to the alleged overtime under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., by the plaintiffs beyond the three year period. I think the new Federal Rules with sufficient clarity both expressly, and certainly by the spirit in which they should be applied, justify making the defendant's motion in this case.

■ With respect to saving the point by the plaintiff for possible ultimate appeal, that I think can be done or is done by my granting the motion at this time to dismiss as to that part of the plaintiffs' claims already indicated without noting any exception or otherwise objecting, because I understand the plaintiff, of course, does object.

The plaintiff may also at the trial of the case offer to prove overtime back of the three year period, in which event I imagine defendant's counsel would object on the ground of limitations. If I should try the case, or whoever tries the case would pass on the question in that way, and that would be another way to raise the point on appeal, if it is desirable to do so.

When we come to the real point in the case, which is the only point at issue in the case, which is whether this Maryland Act is invalid, it is suggested that it is invalid, and therefore unconstitutional as it is expressed, for two reasons: one, that it is discriminatory; and, second, that it is unequal legislation.

By "discriminatory", as I understand it, is meant that the Maryland Legislature by this Act discriminated against Federal legislation and in favor of State legislation.

■ I do not find in this case that that has occurred. There is no Maryland statute which is parallel in any way to this Federal statute known as the Fair Labor Standards Act. The closest analogy would be the ordinary common law liability of an employer for wages due to an employee; and that is precisely the same in character as the type of obligation set up by the Fair Labor Standards Act.

■ The Fair Labor Standards Act simply regulates the minimum compensation to be paid employees engaged in the production of goods for commerce or in interstate commerce. By setting up a minimum it does not change the quality or the nature of the right of action. If the employer and employee had agreed upon a certain sum, which is the same in amount as the liability imposed by the Fair Labor Standards Act under the particular conditions of the case, that is an obligation ex contractu; but when the statute says that no matter what you previously agreed about, the minimum to be paid is so and so, that does not change the nature of the cause of action. It still to my mind is a cause of action ex contractu in its essential nature, although the amount of liability is fixed by statute.

It is true, of course, it is not an obligation simply and purely one of common law, but it is affected by statute, and the statute fixes it quantitatively—that is the obligation, to my mind—and not qualitatively.

■ The same thing is true with respect to the added amount which is to be paid as liquidated damages. I do not understand the nature of the cause of action is changed by a provision that you could have a certain amount as liquidated damages. If it is a cause of action ex contractu—that is, the obligation—it is certainly not turned into a tort action merely by providing for liquidated damages. However that may be, I think the decisions under the Fair Labor Standards Act have been, or the majority of them have been that the added provision for the added amount as liquidated damages is not a penalty. In one sense it is a penalty, but I think the technical classification of it is that it is not a penalty.

Therefore, on the question of discrimination as against Federal legislation we find that this Maryland Act—which imposes, in effect, or specifies, as applied to this case, the three year period of limitations, is the same period of limitations that would apply to the ordinary suit by an employee for wages due, and that it is dependent on Section 1, Article 57 of the Maryland Code.

Therefore, I find no basis for the charge of discrimination against Federal legis-

lation in favor of State legislation or of suitors suing under a Maryland authorized law as compared with those suing under a Federal law.

Again, you must bear in mind that under the Fair Labor Standards Act State Courts have concurrent jurisdiction with Federal Courts. So I do not see any basis for the charge in fact that there was discrimination against Federal legislation.

If the situation had been different, to wit, that a suitor at common law for wages due could bring a suit within six years and if he sued under a Federal statute, the Fair Labor Standards Act, he would have to bring suit within three years by virtue of the Maryland statute, I think I would have no hesitancy in striking down that legislation as discrimination.

When you come to consider the question whether it is unequal legislation, I do not find any real basis for that. It is true that nominally the Maryland statute is related to the Fair Labor Standards Act alone; but there is no inequality there by comparison with other statutes because it is the only statute of its kind which is in force in Maryland, there being no Maryland statute of that nature, and there being no liability at common law on that particular ground as determined by the Fair Labor Standards Act. So that does not single out one class of statutes as against another class of statutes unfairly with respect to Federal Legislation or in an unequal way.

■ Where you have only one member of a class, legislation affecting that particular class cannot fairly be said to be unequal, unless it is bad legislation for some other reason.

In the particular instance I would think there would not be any superficial or nominal objection to the Maryland Act if it left out all reference to the Fair Labor Standards Act and in lieu thereof said that all suits for back wages whether arising at common law or by a statute of Maryland or a Federal statute, in the absence of a Federal statute to the contrary, are barred within three years from the time the cause of action arises.

The fact that the draftsman of this Act put in the express reference to the Federal statute does not seem to me to change the situation when you look at what is the actual fact with respect to the existence of such legislation.

In a way, of course, putting the name of the Fair Labor Standards Act in did specifically bring to the attention of the Maryland Legislature just what the nature of the Act would be or what the statute was designed to do.

Looked at from the standpoint of whether it is reasonable—is it fair legislation?—it seems to me that intrinsically it is entirely reasonable as legislation. Certainly this kind of suit is in subject matter and in nature like the ordinary suit for recovery of wages and there can be no doubt that the period of three years is the Maryland period for such a suit.

■ Then again, on the basis of being intrinsically reasonable, we find that comparative legislation supports it as to reasonableness. It is not at all unusual for limitations of one, two, or three years to be set up in regard to particular statutes. Congress has not yet passed a statute of limitations as to the Fair Labor Standards Act; therefore, it certainly is the law, as I understand it, that a valid State statute upon the subject is controlling.

That has been held a number of times. One decision that comes to mind is a case in which I wrote the opinion for the Circuit Court of Appeals, and that is the case of Glenn Coal Co. v. Dickinson Fuel Co., 4 Cir., 72 F.2d 885, about five or six years ago. That was a case which came up from West Virginia and was a civil suit under the Sherman Act, 15 U.S.C.A. §§ 1–7, 15, note, against coal producers. In that case, while I have not read the opinion for a long time, my recollection is that the law upon the subject was reviewed as to what is the applicable period of limitations. I have always understood that in Maryland in civil suits under the Sherman Act that the period of limitations is three years. I have never heard in Maryland any question that the period of three years as to civil suits under the Sherman Act is not the applicable period of limitations.

Then again, if we go into the field of Federal legislation as to what is a reasonable period of limitations, we have in the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., a period of two years; in the Federal Employers' Liability Act, 45 U.S. C.A. § 51 et seq., we have a period of three years, I think. So, a period of three years is a reasonable one to me based on comparative legislation, both State and Federal.

Then again, the very excellent brief of counsel for the defendant in this case calls attention to the fact—which I personally had recalled—that there was pending in the last Congress a general bill to provide a period of limitations of two years, I think, for suits under the Fair Labor Standards Act. I think the bill with respect to the two year period of limitations passed both Houses of Congress but for some other reasons had gone to conference where it failed of passage. That was just about a month or so ago.

From the standpoint of intrinsic reasonableness I think beyond doubt that a period of twelve years, which is the period of limitations contended for by plaintiffs' counsel, is utterly unreasonable realistically. Certainly these claims, controversial on the facts as they often are, according to the experience and observation of this Court in other such cases, should be settled promptly as between the employer and employee; and to permit a period of limitations of twelve years is, as I think was stated by Judge Coleman in the Bright v. Hobbs case, D.C., 56 F.Supp. 723, seemingly an unreasonably long period. I suppose very few average business concerns keep records going back for twelve years.

Attention is called to the fact that there is a regulation of the Director of the Fair Labor Standards Act which requires employers to keep their records of employees' time for only four years.

There are many reasons of expediency and convenience from the standpoint of both employer and employee which would naturally require the prompt bringing of suits of this character. An employee, of course, should have a reasonable time in which to bring it, but in the absence of very extraordinary special circumstances a period of three years is certainly a long enough period to keep open for the employer the added obligations that he might have to employees.

From the standpoint of employees, it seems to me that unless they are by special circumstances kept in ignorance of their rights it is so much better for them to get currently what is coming to them than to defer it for ten or twelve years. So I have no hesitation at all in finding that the Act is essentially and intrinsically a reasonable one from the standpoint of all parties concerned in accordance with what I would think to be good public policy.

As I understand it, the principal argument that is made technically attacking the validity of the Act here is that, in effect, the Act recalls a prior decision by a Maryland Court. That is worthy, I think, of some little further comment.

We have in Maryland two sections of Article 57 of the Code setting up limitations. One is section 1, which deals with ordinary suits on contract, torts, and liabilities in general, and the suit must be brought within three years of the time the cause of action arises. Then we have Section 3, which deals with suits on judgments of various descriptions and then, as it says "or other specialties."

Now, clearly, section 3 is not applicable to a situation of this kind unless we could say that the proper interpretation of the word "specialty", as used in the statute of limitations, means a general obligation such as that created by the Fair Labor Standards Act.

That certainly is not the ordinary interpretation of the term "specialty." I suppose that, going at it from the standpoint of original research, it might be appropriate to see in what year this section of the Act was first passed to see whether at that time there was any special distinction or legal understanding of the term "specialty."

I have not had occasion to make that historical research myself, and I do not know whether counsel have or not; but reliance is based on an opinion by Judge Eli Frank in, I think, the Superoir Court or one

of the Baltimore City Courts in the case of Manhoff v. Thomsen-Ellis-Hutton Co., reported in the Baltimore Daily Record for March 17, 1943.

That was a suit in the State Court under the Fair Labor Standards Act. The defense of limitations of three years, I think, was set up by the defendant and held inapplicable by Judge Frank in a written opinion. I read Judge Frank's opinion at the time very carefully and had much admiration for the care with which it was written—which is so characteristic of Judge Frank—and I know he felt constrained to adopt the view that he did, to wit, that the suit was on a specialty by reason of its interpretation in some prior Maryland cases.

At the time I had not the opportunity or the time to especially reread these cases because I had no such point actually pending in this Court. I did, however, think it at least highly debatable whether a suit under the Fair Labor Standards Act was a suit on a specialty. It certainly ran counter to my understanding of the nature of the Fair Labor Standards Act liability. The ordinary lawyer's conception of "specialty" is a suit on a sealed instrument or on a judgment.

To say—and there is offered some authority for it—that some special situation or liability created by statute, not existing at common law, is always a specialty seemed to me to be a very extended interpretation of the word "specialty", especially when you are interpreting such a word in a statute of limitations.

So I was very conscious at the time I read Judge Frank's opinion that the question was, at least, very debatable, and I fear that if it had been an original question with me at the time, I would have reached the other conclusion based on my understanding of the word "specialty" and based on my understanding of the nature of the Fair Labor Standards Act, the kind of case it is, the kind of proof that is offered, controversial proof, which frequently consists of how you prove it with regard to the records and how written records are sometimes contradicted by parol testimony of employees. In fact, employees often set up their own oral rec-ollection, which is at times vague and uncertain—and perhaps naturally so—against the written records of the employer. They are entirely at liberty to do so and should be at liberty to do so when the employer has kept incorrect or false records.

There is no decision of the Maryland Court of Appeals on this point, but about a year later Judge Coleman did have the same point in this Court in the case of Bright v. Hobbs, D.C., 56 F.Supp. 723. He wrote an opinion, and it appears he followed Judge Frank's opinion. In doing so, he was following the requirement of the Supreme Court in the case of Erie Railroad v. Tompkins in 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

If this case were unaffected by the subsequently passed Maryland statute, I suppose that I would give the same ruling at the present time, not necessarily because I thought it was right but because I would be obliged to follow the Maryland State Court in the matter and naturally, of course, would give very great weight to and would follow the prior expressed decision of Judge Coleman.

Now, however, the situation is changed by the Legislature having passed in 1945 Chapter 518, which, in effect, said that in such a suit the period of limitations shall be a three year period with respect to the origin of the cause of action.

Historically speaking, it is perfectly obvious that the Maryland Legislature must have thought that Judge Frank's decision should be changed by the Legislature; or, in a way, you would say that the decision was recalled by an Act of the Legislature.

Clearly the Legislature had the right to amend the law, so far as Maryland was concerned; and unless it is invalid under some provision of the Federal Constitution I should not strike down what the Maryland Legislature has set up for the guidance of its Courts, which by analogy I have to follow under our Federal Rules of Procedure and also under the general principle of limitations, depending upon the law of the forum.

I have already given the reasons why I think the Maryland Act is not subject to

constitutional objection under the Federal Constitution.

Ordinarily I would not undertake to decide an important constitutional question without further extended study and consideration, but I have some familiarity with this point as it affects overtime—not with this Maryland statute. I do not think I ever heard of the Maryland statute until a day or two ago when this case was brought to my attention, but I did have the benefit yesterday of reading this very excellent brief of counsel for the defendant and I have had the benefit today of a very excellent argument on the law by counsel for the plaintiffs.

I think it is not necessary for me to write any further opinion in the case. In my opinion the statutes of Iowa and South Carolina held invalid in the federal cases cited by the counsel for the plaintiff are so dissimilar in their respective provisions and settings that the cases are distinguishable from the instant case.

The order is that the motion of the defendant is granted, and the time for filing the answer to that portion of the complaint that is not ruled out, by granting the motion, will be ten days.